THOMAS D. DEWEY AND JOHN STEWART V. CLARISSA S. INGERSOLL, AGNES A. DAKIN AND ORSEMUS C. HOUSE.

```
42   17
106  262
42   17
s3NW  235
d130 ²569
```

*Notice to mortgagees of subsequent conveyances.*

Mortgagees need not examine the records before releasing portions of the mortgaged premises, because the record of a later conveyance would not be notice to them; but if they have notice of facts enough to put a prudent man upon inquiry, they are bound to examine the records and act accordingly.

A purchaser of a portion of some mortgaged premises situated on one of the principal streets in the village where the mortgagee resided, promptly recorded the deed and went into actual possession, improving the premises and living on them. *Held* that the mortgagee's knowledge of this was enough to put him on inquiry before releasing other parts of the premises from the mortgage lien.

Appeal from Shiawassee. Submitted October 15. Decided October 28.

FORECLOSURE of a mortgage given by Clarissa Ingersoll, dated April 20, 1868, and covering premises a part of which she afterwards sold by warranty deed dated Nov. 26, 1872, to her daughter Agnes Dakin, who is sued as a subsequent encumbrancer, and who filed a separate answer claiming that in September, 1873, without her knowledge or consent, complainants had released from the mortgage lands worth more than double the amount claimed to be due, and which she insisted should have been sold first before resorting to the land she had bought. The bill was dismissed and costs allowed to defendant Dakin, and complainants appealed.

*Gould & Lyon* for complainant. A mortgagee cannot be affected by a subsequent conveyance of the mortgaged premises of which he has no notice, and the record of the conveyance is notice to him, but the burden of proving notice is on the purchaser, *James v. Brown*, 11 Mich., 25; *Cooper v. Bigly*, 13 Mich., 463; *Cheesebrough v. Mil-*

*lard,* 1 Johns. Ch., 173; *Stuyvesant v. Hall,* 2 Barb. Ch., 151; *Stuyvesant v. Hone,* 1 Sandf. Ch., 419; *King v. Mc-Vickar,* 3 Sandf. Ch., 192; *Patty v. Pease,* 8 Paige, 277; *Howard Ins. Co. v. Halsey,* 8 N. Y., 271; *Matteson v. Thomas,* 41 Ill., 110; *Iglehart v. Crane,* 42 Ill., 261; *Deuster v. McCamus,* 14 Wis., 307.

*S. Titus Parsons* and *Jerome W. Turner* for defendants. The notice which affects the good faith of a party is apparent fraud or clear and undoubted notice, and this is a proper ground of relief, but suspicion of notice, though a strong suspicion, is not enough, *Hine v. Dodd,* 2 Atk., 275; notice of a claim need not be in the form of a distinct and formal communication, 2 Lead. Cas. in Eq., 160; and need not be given by the party himself who relies upon it, *James v. Brown,* 11 Mich., 25.

MARSTON, J.    According to the undisputed facts in this case, the defendant Agnes A. Dakin was in the actual unequivocal possession of a portion of the mortgaged premises, claiming title thereto under her deed of November 25, 1872, which had been recorded November 26th, at the time complainants released from their mortgage a part of the premises in the fall of 1873.

This release does not appear to have been made at her request, or with her consent or knowledge, and the important question is whether complainants at the time of the release, had notice of Mrs. Dakin's rights in the premises.    If they did have, it is not claimed that they can, under the facts in this case, subject her portion to the payment of their mortgage.

A mortgagee is not bound to make an examination of the records before releasing a portion of the mortgaged premises, as the record of a subsequent conveyance or mortgage on the whole or a portion of the mortgaged premises would not be notice to him. *James v. Brown,* 11 Mich., 26; Thomas on Mortgages, 137; 1 Jones on Mortgages, § 562.    But the recording of such subsequent conveyances may become material where it

appears the prior mortgagee had notice of facts and circumstances sufficient to put a careful, prudent man upon inquiry.    In such a case the public records furnish the information if he desires to act fairly, and a failure to examine them would show an intentional disregard by him of the rights of the subsequent purchaser. See authorities above cited.

. The mortgaged premises in this case were upon one of the principal streets in the village where the mortgagees resided.  Mrs. Dakin promptly recorded her deed and went into the actual possession of the premises, made improvements and resided thereon, and there is evidence tending to show that one of the mortgagees had actual notice of these facts; and he, although examined as a witness, did not deny having notice.   Under such circumstances we are of opinion that he had sufficient notice to put him upon inquiry, and that he is chargeable with a knowledge of the facts which such inquiry would have given.

, I am of opinion that the decree should be affirmed with costs.

The other Justices concurred.