WILLIAM HALL v. CHRISTIAN Y. EDWARDS, HELEN ED-
WARDS, LEAH H. EDWARDS, ORLANDO M. BARNES, ISAAC
P. CHRISTIANCY, THE JACKSON, LANSING & SAGINAW
RAILROAD COMPANY AND THE MICHIGAN CENTRAL RAIL-
ROAD COMPANY.

*Release by mortgagee as affecting subsequent purchasers.*

A mortgagee who has notice that since the mortgage was given, a
portion of the land has been sold, cannot release any part of the
land to the prejudice of the purchasers. It is enough if he is
notified by letter from the mortgager as to the names of the
buyers, and if the deed is on record.

Where mortgaged property has been wrongfully released to the
prejudice of subsequent purchasers and the value of the parcel
paid to the mortgager, the purchasers are equitably entitled on
foreclosure to have the amount for which the parcel was released
deducted from the mortgage debt before their parcel is sold.

Appeal from Ingham. Submitted April 22. Decided
April 30.

FORECLOSURE. Defendants Barnes and Christiancy
appeal.

*Jason E. Nichols* for complainant. A mortgagee
who releases a part of the premises to the prejudice of
subsequent purchasers need not allow the value of the
land released before selling their parcel, if he had not
had notice of the purchase before the release, *James v.
Brown* 11 Mich. 25; *Reilly v. Mayer* 1 Beas. 59; *Blair
v. Ward* 2 Stockt. 126; *Birnie v. Main* 29 Ark. 591;
*Van Orden v. Johnson* 1 McCart. 376.

*Cowles & Cahill* for defendants and appellants.

PER CURIAM. This is a foreclosure, and the only
important question is whether the defendants Barnes
and Christiancy, who are subsequent purchasers of a
part of the mortgaged premises, have any equity against
complainant as mortgagee, by reason of his having
released after their purchase a small parcel of the resi-

43 MICH.—60.

due of the premises. The mortgage was given to him by the defendants Edwards in October, 1873, to secure the purchase money—the premises consisting of about eighty-six acres in the city of Lansing. He is a resident of the State of New York, and he transacted a part of the business through his brother-in-law, Mr. Ezra Jones of Lansing; and Mr. Daniel Edwards, the husband of defendant Helen, acted as her agent, and also to some extent represented the defendant Christian Y. Edwards.

Immediately after the Edwards purchased and mortgaged back for purchase money, they sold to defendants Barnes and Christiancy a small portion of the land. In September, 1876, complainant released to the Chicago & Northeastern Railroad Company from the lien of the mortgage about an acre and a half. The release was given for the appraised value, being $297, which was paid to Edwards. No consent was obtained from Barnes and Christiancy, and they object that their parcel ought not to bear any greater proportion of the incumbrance than it would have been subject to if the complainant had not released. There can be no question about the principle.

If the complainant had notice that Barnes and Christiancy had bought in, he had no right to release any part of the remaining land to their prejudice. The share of liability of their parcel for the common debt was so far fixed by their purchase, without special stipulations on the subject, that he could not, after having notice, work any change in it to their injury without their assent, and the release of a part of the residue might well effect such a change. The consequence might be the same practically as it would be were the mortgagee to be allowed to create an additional incumbrance on the parcel of defendants Barnes and Christiancy subsequent to their acquirement of it.

In regard to the fact of notice there seems to be no fair chance for controversy. The letters to complainant,

when read together, appear to decide the question. One was written December 23, 1874, by C. Y. Edwards, and the other January 3, 1875, by Daniel Edwards before mentioned. The first informed complainant of the sale of part of the land, but did not disclose the purchasers; and the second only a few days later expressly stated who the purchasers were; and the deed was on record and the means consequently at hand for perfecting the information. This seems to be sufficient. *James v. Brown* 11 Mich. 25; *Dewey v. Ingersoll* 42 Mich. 17; *Howard Ins. Co. v. Halsey* 4 Seld. 271.

The circuit court decreed that the property should be sold in three parcels, and that the parcel of defendants Barnes and Christiancy should be last; but the claim set up to have the value of the released portion applied upon the debt was denied.

In strictness the value of the parcel released should not be applied on the debt; but when the parcels first chargeable shall be sold, the equity of Barnes and Christiancy to have the amount deducted before their parcel is sold, seems to be clear. The decree should therefore be so modified as to allow the sum for which the parcel was released to the railroad company, and which presumptively was the value, before the Barnes and Christiancy parcel shall be sold. But as the sum paid by the railroad company was not received by the mortgagee, but by the mortgagor, it will stand as a part of the decree against him, and will only be taken into account for the protection of the purchasers named in the contingency above provided for.

The decree will be modified accordingly, and the defendants Barnes and Christiancy will recover costs of this court.