Shauck, J.
The controversy in this case relates to the proceeds of the ■sale of real estate in the city of Columbus sold on foreclosure. It is between the plaintiff, who is the holder of the first mortgage on a large number of lots, and some of the defendants, who are subsequent grantees of portions of the same premises. The Master finds — and the fact is not controverted — that after the conveyances to the contesting defendants had been executed and placed on record, the prior mortgagee voluntarily and without consideration released other lots that were embraced in his mortgage. The Master further finds that at the time of the release of these portions of the mortgaged premises the prior mortgagee had no express notice of the conveyances to these defendants, and he reports as his conclusion of law that he is not bound by the notice which would have been derived from an examination of the records.
The first exception under consideration is to the Master’s finding of fact with reference to such express notice. No evidence touching this question is reported, except that of the plaintiff himself, and it directly supports the finding of the Master. The defendants do not claim to have given notice to the plaintiff of the conveyances to them, nor does the evidence establish any circumstance from which express notice might be inferred.
*83 The second exception is to the Master’s conclusion of law. In its support it is urged that upon the execution of the conveyances to them the defendants|became entitled to demand that the premises embraced in the prior mortgage should, upon foreclosure, be sold in the inverse order of their alienation; and that to the extent of the value of the lots subsequently released, this right has been defeated by the act of the plaintiff, unless the value "of the lots so released be deducted from the amount due upon the prior mortgage. Such deduction they now insist upon as their equitable right. That the defendants would be entitled, but for the releases, to insist upon the sale of the lots, in the inverse order of their alienation by the mortgagor, is not denied. And it would be entirely clear from ehe nature of the rights involved, and from the authorities upon the subject, that the plaintiff should be required to regard that right if he had knowledge of the relation out of which it arose. ‘But as he did not have such knowledge at the time of making the releases, the practical question is whether the record of the conveyances to the defendants operated as constructive notice to the plaintiff, whose rights in the premises had previously vested.
This question has frequently received the attention of the courts of last resojt in other states, and their conclusions are uniform. In Vanorden v. Johnson, 14 N. J. Eq., 376, it is said, that “ the equity which entitles the second mortgagee to the benefit of a release executed by the first mortgagee, arises only where the first mortgagee gave the release with knowledge of the existence of the second incumbrance. If the release is executed without notice of existing equities in favor of the second incumbrance, he is not .responsible for the consequences of his act, nor is the lien of his mortgage in any wise impaired. And the recording of the second mortgage will not operate as constructive notice of its existence to the prior mortgagee.” The same conclusion was reached in Coggswell v. Stout, 32 N. J. Eq., 240; McIlvaine v. The Mutual Assurance Co., 93 Pa. St., 30; James v. Brown, 11 Mich., 25 ; Taylor’s Ex’rs v. Maris, 5 Rawle, 51; Cheesebrough v. Millard, 1 Johns. Ch., 409, and in numerous other cases cited in the briefs of counsel. The rule is supported as firmly by the.reasons assigned for it *84 in these causes as by their authority. The right of the subsequent purchaser to have the premises sold in the inverse order of their alienation is neither founded upon contract nor created by positive law. It is merely a doctrine of equity founded upon conscience; and before the consequences of the release, which was rightful in itself, can be visited upon the holder of the prior mortgage, it ought to be shown that he had knowledge of the equity which would thereby be impaired or defeated. It is not sufficient to say of the plaintiff who was exercising a legal right, that others might possibly be injured thereby. Injury to the holders of unknown equities frequently results from the exercise of legal rights.
The plaintiff was bound to take notice of the rights of the defendants when apprised of them. If he had been notified, he would have owed them a duty thereafter. But to say that before exercising his legal right to make the release he was bound to learn of the defendant’s rights by active inquiry and research, is to say that he owed to them a greater duty than they owed to themselves, since they did not inform him of such right, or of the relation out of which it arises.
But it is insisted that if this be the rule generally recognized, it'cannot be applied here in view of the decisions of our supreme court, Spader v. Lawler, 17 Ohio, 371, being chief! 3r relied upon. The precise point there decided is that a prior mortgage which contains a clause to secure future advances, will, as to advances made after the recording of a subsequent mortgage,be postponed to such subsequent mortgage. Briefly stated, the argument founded upon that case is that it is there decided that the holder of a prior mortgage is so far bound to take notice of a subsequently recorded mortgage that he cannot thereafter-, to the prejudice of the holder of the subsequent security, increase the amount of the indebtedness secured to him, though it be in accordance with the terms of his mortgage; and that considerations which justify this conclusion would require, that he should not be permitted after the record of a subsequent mortgage, to the prejudice of the holder thereof, to release any part of the security to which he might otherwise be compelled to resort.
*85 Exclusive attention was there due and given to the notice afforded by the record of the prior mortgage. The test question stated by the court is: “ Of what does a mortgage with a clause for future advances advise a subsequent mortgagee?” The answer to that question is the solution of the case. It does not advise him that any advances have been made. As to such advances the holder of the first instrument is not, in legal contemplation, a mortgagee until they are made. When the advanees in that case were made, the subsequent mortgage was of record, and the party making them was held to notice thereof as though he had taken a new mortgage at that time. The right there asserted by the holder of the subsequent mortgage was not, as is that asserted by these defendants, an equitable right derived through the first mortgage. It was the assertion of a legal right founded upon his own mortgage, and that right was adjudged to be superior to the legal right created by the first mortgage.
Choteau v. Thompson et al, 2 Ohio St., 114, does not present the same or an analogous question. The question there considered was, whether certain agreements indorsed upon the original mortgage, acknowledged and recorded, became, respectively, new mortgages as of the date of their delivery, without grant of the premises upon the new condition.
It seems quite clear to us that these cases establish no principle that is opposed to the general rule already stated. And it is perhaps worthy of notice, that the rule had been stated and applied in numerous cases before the Ohio cases cited were decided. We cannot suppose that the court was ignorant of the rule, or that it overruled the earlier cases without attention to them or to the reasons upon which they proceeded.
Hall v. Edwards, 43 Michigan, 473, cited by defendants’ counsel, supports the general rule stated. There the subsequent purchaser had by letter informed the holder of the prior mortgage of his purchase, and his deed was on record. The court approves its previous holding in 11 Michigan, and determines the case upon the ground that express notice had been given. The record of the subsequent deed was not regarded as im *86 porfcant, except as it afforded the holder of-the first mortgage the means of verifying the information contained in the letter.
F. W. Wood, for plaintiff.
J. W. Baldwin, Lorenzo English and J. T. Holmes, for defendants.
The exceptions will be overruled.