PETITION OF ALFRED S. JOHNSON, Assignee, for an Opinion.

PROVIDENCE—MAY 29, 1897.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

The endorsement of a note of the mortgagors is an adequate consideration for a mortgage, and the mortgagee is entitled to reimbursement from the mortgaged property in the hands of the assignee in insolvency of the mortgagors to the extent of the money actually paid to take up the endorsed note.

The making of such a mortgage for a larger sum than the amount of the note endorsed (further endorsements or advancements having been contemplated by the parties), and a delay in placing the mortgage on record, are not enough to render the transaction fraudulent as to the creditors of the mortgagors.

CASE stated for an opinion of the court under Gen. Laws R. I. cap. 240, § 24.

MATTESON, C. J.   The case stated is as follows :   On June 15, 1896, the firm of Munroe & Williams gave a mortgage upon their stock in trade, consisting of bicycles, bicycle supplies, photographic goods and supplies, and their office furniture, fixtures, &c., to Susan A. Munroe, nominally to secure the payment of a note of the firm for five thousand dollars, but which in fact was intended to cover such advances and endorsements as the mortgagee should make for the firm at the time, and subsequently to the execution of the mortgage.   This mortgage was acknowledged June 29, 1896, and recorded September 15, 1896.   On June 29, 1896, the mortgagee endorsed for the firm a note of that date for one thousand dollars, made by the firm, and payable to the order of the mortgagee, four months after date, at the City National Bank, Providence, R. I..   This note the mortgagee was subsequently compelled to pay.

The Overman Wheel Company, a corporation from which Munroe & Williams purchased bicycles and other goods, required from them bonds, with surety, guaranteeing it against loss by the sale of goods to the firm, and Susan A. Munroe became a surety on two bonds in the sum of $2,200. After the execution of the mortgage these bonds were defaulted, and she as surety was compelled to pay on them one thousand dollars.

On October 13, 1896, the petitioner was duly elected assignee of the firm of Munroe & Williams, who had been adjudged insolvent on their own petition, and as assignee received from the register in insolvency a deed of assignment of the property of the firm.

The mortgagee has concurred in the petition of the assignee for an opinion of the court on the questions: (1) Is Susan A. Munroe entitled under the mortgage to be reimbursed out of the estate of the insolvents mortgaged to her, for the amount of the note of June 29, 1896, endorsed and taken up by her? (2) Is she entitled under the mortgage to be reimbursed for the amount paid by her as surety on the bonds?

The endorsement of the note of June 29, 1896, by Mrs. Munroe was an adequate consideration to that extent for the mortgage. The fact that the mortgage was nominally for $5,000 is not enough to render it fraudulent as to creditors, the sole purpose in placing it at that amount, so far as the case shows, being to secure the mortgagee for further endorsements or advances for the benefit of the mortgagors. Nor was the delay in recording the mortgage enough to make it fraudulent as to creditors of the mortgagors. *Wilson* v. *Esten*, 14 R. I. 621; *Commercial Nat'l Bank* v. *Colton*, 17 R. I. 226; *Ryder* v. *Ryder*, 19 R. I. 188. We think the first question must be answered in the affirmative.

The case does not show whether at the time of the giving of the mortgage the Overman Wheel Company had sold any goods to the mortgagors, so that Mrs. Munroe had incurred any liability to them on the bonds referred to, nor whether the money which she was compelled to pay on the bonds was paid prior or subsequently to the insolvency proceedings.

Without a fuller statement of the circumstances attending the transaction, we do not deem it proper to give an answer to the second question.

*Alfred S. Johnson,* pro se.

*Waller B. Vincent,* for mortgagee.