(103 N. W. 747.)

---

MERCHANTS STATE BANK OF FARGO v. DEWITT CLINTON TUFTS, MARY I. TUFTS, NORTHWESTERN PORT HURON COMPANY, A CORPORATION, AND MCCORMICK HARVESTING MACHINE COMPANY, A CORPORATION.

Opinion filed May 19, 1905.

**Deed Absolute as Mortgage — Recording.**

1. A deed absolute on its face, but intended to be a mortgage under a parol contract, is properly recorded in a book provided for the record of deeds, and such record is notice to subsequent incumbrancers or purchasers.

**State Banks — Real Estate as Security.**

2. A bank organized under the state banking act has authority, under section 3230, Rev. Codes 1899, to receive deeds of real property as security for past indebtedness, as well as for contemplated advances agreed upon.

**Deed as Mortgage — Future Advances.**

3. A deed absolute in terms, but in equity a mortgage under a parol agreement for reconveyance, is security for the present indebtedness for which it was given, as well as for moneys advanced, after its execution, pursuant to a parol contract that such deed should be security therefor; and, before a reconveyance will be decreed, payment must be made, or a willingness to do so shown, of all sums due thereon in accordance with the contract, whether furnished before or after the deed was executed.

**Grantee in Deed Held for Future Advances Cannot Make Further Advances After Notice of Accrual of Subsequent Liens, by Innocent Lienors.**

4. A grantee in a deed intended as security for a present debt and for future advances, based on a parol agreement, is not permitted to make advances under such parol contract after actual notice that subsequent incumbrancers or purchasers have a lien on the property covered by the deed taken without notice of the parol contract for future advances.

**Advances Made Before Notice of Subsequent Judgment, Secured.**

5. All advances made under such a deed before actual notice of a judgment obtained against the grantor are secured by such deed as against the judgment lien.

**Judgment Creditor Has Same Right to Contest Advances as Grantor.**

6. In such a case the judgment creditor stands in the same position as the grantor in the deed, so far as his right to contest the amount secured by the deed or mortgage is concerned.

**Deed as Mortgage — Judgment Creditors — Marshaling Securities.**

7. In an action brought to have a deed declared to be a mortgage and for its foreclosure, in which judgment creditors are made defendants, and it appears that the grantee in the deed has other security for his indebtedness besides the deed, and that the judgment creditors have security on the land only, a court of equity will, in a proper case, compel the grantee to exhaust his security in the property not covered by the judgment lien.

Appeal from District Court, Cass county; *Pollock,* J.

Action by the Merchants State Bank of Fargo against DeWitt Clinton Tufts and others. Judgment for plaintiff, and defendants appeal.

Reversed.

*H. R. Turner,* for appellant.

Under statutes like chapter 152, Laws of 1903, a judgment creditor is on the same footing as a purchaser. Minneapolis & St. L. Ry. Co. v. Wilson, 25 Minn. 382 (Gil.); Wells v. Baldwin, 10 N. W. 427; Bank of Ada v. Gullikson, 66 N. W. 131; Wilcox v. Loominister Nat. Bank, 45 N. W. 1136.

Judgment creditors, being same as purchasers, and having no notice of parol mortgage conditions relative to a deed of conveyance, are bound only by the constructive notice of the record and

what appears on the face of the deed. Wilcox v. Loominister Nat. Bank, supra; Bailey v. Galpin, 41 N. W. 1054; Bank of Ada v. Gullikson, supra.

An instrument must be recorded as to its real, not apparent, character, and a deed, intended as a mortgage, imparts no notice if recorded in book intended for the recording of deeds. White v. Moore, 1 Paige, 551; Brown v. Dean, 3 Wend. 208; Day v. Dunham, 2 Johns. Ch. 182; Manufacturers' Bank v. Bank of Penn., 7 W. & S. 335; Edwards v. Trumbull, 50 Pa. St. 509; Shaw v. Wittshire, 65 Me. 485.

A parol agreement providing that a mortgage shall secure future advances is contrary to the statute of frauds and void. Crule's Heir and Administrator v. Eddy, 66 Am. Dec. 699.

A mortgage for future advances must express the fact on its face. Crule's Heir and Administrator v. Eddy, supra; Stanford v. Wheeler, 33 Am. Dec. 198; North v. Beldon, 35 Am. Dec. 83; Stover v. Harrington, 21 Am. Dec. 86; Bank of Utica v. Finch, 49 Am. Dec. 175.

A mortgage for future liabilities should describe their nature and amount with reasonable certainty. 20 Am. & Eng. Enc Law (2d Ed.) 197; Union National Bank of Oshkosh v. Milburn & Stoddard Co., 7 N. D. 201, 73 N. W. 527.

In foreclosure, subsequent lienors may demand a marshaling of securities and can compel first lienors to resort first to property on which they have no lien. Section 4690, Rev. Codes 1899; 3 Pom. Eq. Jur., section 1414; Boone v. Clark, 5 L. R. A. 276, and note.

Plaintiff is a state bank. A state bank cannot buy and hold land, except for purposes mentioned in section 3230, Rev. Codes 1899.

*Newman, Spalding & Stambaugh,* for respondent.

When no written defeasance is executed, the grant absolute in terms is eligible to record as a deed, and is notice of all the rights of the grantee whatever they may be.

A creditor cannot compel his debtor to avoid an oral contract by pleading the statute of frauds, nor can he plead such defense for the debtor. Wright v. Jones, 4 N. E. 281.

Only parties to the agreement can take advantage of such statute. 8 Am. & Eng. Enc. Law, 659.

The defense of the statute is personal. 7 Wait's Actions and Defenses, 2.

Where a mortgage states that it is for future advances, a second lienor, with notice, takes subject thereto, both as to advances already made and all future advances made before notice that another lien has attached. Union Nat'l Bank of Oshkosh v. Moline, Milburn & Stoddard Co., 7 N. D. 201, 73 N. W. 527.

The agreement for future advances need not appear in the instrument, it may be entirely verbal within the terms of the mortgage. 3 Pom. Eq. Jur. 1197, 1198 ; Omaha Coal, Coke & Lime Co. v. Suess, 74 N. W. 620.

MORGAN, C. J. This is an action to have a deed of real estate declared a mortgage, and for the foreclosure thereof. The facts are that one Tufts was indebted to the plaintiff on and prior to November 10, 1902, in the sum of $7,307.37. On that day Tufts and his wife made and delivered to the plaintiff the deed in suit, for the purpose of securing the payment of a note for that sum, given on that day. This deed was not recorded until October 28, 1903, and was then recorded as a deed, and not as a mortgage. On November 10, 1902, Tufts also made and delivered to the plaintiff a chattel mortgage on property belonging to him to secure the same note. The chattel mortgage was filed on the same day that the deed was recorded—October 28, 1903. The amended complaint alleges the execution and delivery of the note for $7,307.37, and the execution and delivery of the deed to secure the payment of the same, and also to secure the payment of all future indebtedness of said defendants to plaintiff. The complaint further alleges that, upon the payment by defendants of such existing indebtedness incurred after the giving of such deed, the plaintiff was to reconvey the premises to the defendants. It is further alleged that plaintiff advanced to the defendants, after the giving of such deed, the sum of $1,644.46, and paid taxes on the lands amounting to $126.09, and paid interest on a prior mortgage on said land at the request of Tufts, amounting in all to $528.04. Judgment is demanded declaring said deed to be mortgage security for all of said sums. The evidence shows that the plaintiff and Tufts entered into a parol agreement, at the time that the deed was executed and delivered, to the effect that the deed should be security for said amount as a present indebtedness, and for all future indebtedness incurred for advances made by plaintiff to Tufts. Neither the deed nor the note

nor chattel mortgage contain any reference to the indebtedness to be incurred for advances, but the same rests wholly in parol. The defendant Tufts appeared, but interposed no answer or defense. The defendants McCormick Harvester Machine Company and the Northwestern Port Huron Company answered, and alleged that they secured and owned judgments against the defendant Tufts for the purchase price of goods sold to him before the deed and chattel mortgage were given to plaintiff, and prayed that the plaintiff be ordered to forclose the chattel mortgage and apply the proceeds of a sale of the personal property upon the amount due on the $7,307.37 note. The McCormick Harvesting Machine Company procured its judgment against Tufts for $957.89 on December 8, 1903, and the same was docketed on that day. The Northwestern Port Huron Company judgment was docketed on November 12, 1903, and was for $141.92.

There are other material facts shown by the evidence. One Kerr obtained a judgment against Tufts on November 27, 1903, for the sum of $504.96, and execution was by him caused to be issued and levied upon the personal property described in plaintiff's chattel mortgage, and duly sold on execution sale on January 2, 1904, to one Lathrop for the sum of $50, subject to plaintiff's chattel mortgage lien. On January 7, 1904, said Lathrop sold the personal property so purchased by him to the plaintiff for the sum of $600. Thereafter, on April 2, 1904, the plaintiff sold part of the personal property covered by the chattel mortgage to it, and received as proceeds therefrom the sum of $2,369.03. The balance of the personal property covered by that mortgage was not sold for want of bidders. This sale was not made by plaintiff under its chattel mortgage, but was made by it as the owner of the property under the sale of the same to it by said Lathrop. The proceeds of this sale were not applied in payment of the Tufts indebtedness. The value of the unsold property is not given, but it consisted of a threshing machine, separator, some binders, a Plano header and a road grader.

The trial court found that the plaintiff was entitled to judgment for $7,307.37, the original indebtedness, and $1,644.46, the sum advanced under the parol agreement as to future advances, and the sums paid as accrued interest on a prior mortgage, and taxes paid, and decreed a sale of the real estate to satisfy said indebtedness, and adjudged that the deed was a mortgage and secured

these various sums, and was in all respects prior to the judgments owned by the defendants and set forth in their answers. The defendants, as owners of such judgments, appeal from the judgment, and demand a review of the entire case under section 5630, Rev. Codes. 1899.

It is claimed that the recording of the deed in the record for deeds, instead of the record for mortgages, was not notice to the defendants of the fact that the deed was security for future advances. The contention is that the judgment creditors are classed as innocent purchasers under the provisions of section 3594, Rev. Codes 1899, as amended by chapter 152, p. 202, of the Laws of 1903. Conceding, without deciding, such to be the fact, the evidence conclusively shows that no money was paid to Tufts after the judgments were rendered. The deed was properly recorded as a deed, as it was such in form. It was not accompanied by a writing to the effect that it was intended to be a mortgage, hence its recording is not governed by section 4729, Rev. Codes 1899. Section 3570 provides that all "grants absolute in terms are to be recorded in one set of books and mortgages in another." It seems clear, therefore, that the deed was properly recorded, and that its recording is provided for under section 3570, Rev. Codes 1899. This seems to be the only conclusion that can reasonably be reached by construing sections 4729 and 3570 together. See, also, Webb on Record Title, sections 137-139.

It is also insisted that the deed is void for the reason that the plaintiff bank had no authority to receive it under the provisions of the act authorizing the organization of state banks. Section 3230, Rev. Codes 1899, is as follows: "Banking associations formed under this chapter shall have power to purchase, hold and convey real estate for the following purposes and no other. * * * (2) Such as shall be mortgaged to it in good faith by way of security for loans or for debts previously contracted. (3) Such as shall be conveyed to it in good faith in satisfaction of debts previously contracted in the course of its dealings." The deed in question was given for loans previously contracted and for loans made. We deem the transaction within the terms of the statute. It would be extremely technical to hold that the bank had no right to take a deed in form, but a mortgage in equity, to secure a past indebtedness as well as contemplated advances.

It is contended by the appellants that the deed found to be a mortgage gave the plaintiff no lien upon any property for advances

made to Tufts after its execution and delivery. The claim is made that a mortgage for future advances is not operative as a lien therefor unless the mortgage is given for a fixed sum, which may include future advances, or the mortgage recites that it is given to cover future advances. This would be true of a mortgage in form and terms. Union National Bank v. Moline, Milburn & Stoddard Co., 7 N. D. 201, 73 N. W. 527. This principle is not applicable to the case at bar. The plaintiff had a deed absolute in form, but intended by the parties to be a mortgage only. The deed was recorded as a deed, and taken by plaintiff as security for all existing debts and future advances. It was taken in good faith, and the advancements made under it in good faith in reliance on the deed as security. The plaintiff made no advancements after it had notice that appellants had a judgment against Tufts, hence the appellants have not been damaged in any way nor misled in the matter. They obtained their judgments after the deed was recorded, and until they obtained their judgments the plaintiff was under no obligation to them. Such a transfer of real property is not fraudulent as a matter of law. The transaction involved no secret trust in favor of the grantor. It was not an absolute sale or transfer under which Tufts was to benefit as against his creditors. It was a good faith agreement under which he was to be paid money as he needed it, for which the deed was to remain as security. There is no evidence in the case showing the value of the section of land conveyed, and therefore nothing to show what Tuft's equity in the land was after payment of the prior mortgage of $8,000, and what was due the plaintiff. The deed is not attacked as fraudulent as a matter of fact or as a matter of law by pleading or assignments. The great weight of authority sustains the proposition that a deed or mortgage given to cover future advances is not fraudulent as a matter of law. The case of Newell v. Wagness, 1 N. D. 62, 44 N. W. 1014, is not in point under the facts of this case. In that case a bill of sale of a large stock of goods was sold to the plaintiff by a bill of sale absolute on its face. The facts showed that the buyer and seller had secretly agreed that the buyer should dispose of the stock of goods and turn over the proceeds after repayment of the plaintiff's indebtedness to the seller. The necessary and inevitable tendency of that transaction would be to delay the other creditors of the financially embarrassed seller. In the case at bar there was so secret reservation on behalf of the mortgagor, except as to reconveyance after the indebtedness was

paid, and that will not avoid the conveyance as constructively fraudulent. As said in McClure v. Smith, 14 Colo. 297, 23 Pac. 786 : "But if there be a bona fide debt for which the security is given; if there be no understanding with the mortgagee to hold the overplus, or to hold the property after payment of his debt, secretly, for the benefit of the mortgagor; if there be no collusion on the part of the mortgagee with the mortgagor in keeping the defeasance unrecorded, or in keeping secret the exact nature of the transaction, for the purpose of deceiving creditors; in short, if the mortgagee is simply endeavoring in good faith to obtain that precedence in the security of his debt which the law permits—the mere isolated fact that he takes an absolute deed instead of a mortgage will not, in and of itself alone, render his lien nugatory. The law prescribes no absolute and inflexible form for mortgages upon realty." See, also, Jones on Mortgages, section 243; Wilson v. Russell, 13 Md. 494, 71 Am. Dec. 645; Dummer v. Smedley, 110 Mich. 466, 68 N. W. 260, 38 L. R. A. 490; Clement v. Hartzell, 57 Kan. 482, 46 Pac. 961; In re Johnson (R. I.) 37 Atl. 531.

It follows, therefore, that the plaintiff, as between it and Tufts, would be entitled to enforce its mortgage lien for all advances made pursuant to the agreement for such advances. The defendants, appearing as judgment creditors of Tufts, are entitled to no more rights than would be accorded to Tufts. Their liens are subsequent to the mortgage liens. It is well established that before a grantor of a deed absolute on its face, but intended as mere security, can compel a reconveyance to him, he must pay all of the indebtedness due the grantee pursuant to the agreement made for such reconveyance. Such reconveyance is decreed upon equitable grounds and in a court of equity. Having asked a court of equity to decree a reconveyance, he must himself do equity, and pay all that he contracted to pay when the conveyance was made. 11 Am. & Eng. Enc. Law, p. 330; Jones on Mortgages, sections 336, 1079 and cases cited; Carpenter v. Plagge, 192 Ill. 82, 61 N. E. 530; Mahoney v. Bostwick, 96 Cal. 53, 30 Pac. 1020, 31 Am. St. Rep. 175; Upton v. National Bank of South Reading, 120 Mass. 153; Brooks v. Brooks, 169 Mass. 38, 47 N. E. 448. Before the lien of the judgment creditors can be realized upon out of the land, they must do what Tufts would have to do, and are in no better position than he would be in were he asking for a reconveyance.

We now come to the question, raised as an issue by the pleadings, as to whether the judgment creditor can compel the plaintiff to exhaust its chattel security and apply the proceeds thereof in satisfaction of its entire indebtedness. The facts as hitherto outlined show that the plaintiff had chattel security and real estate security for the same indebtedness. The judgment creditors have a lien upon the real estate only. The evidence does not show the value of the land nor of the chattel security. This is immaterial in this case, as the judgment creditors are asking only that the proceeds of the chattel security be applied on the indebtedness. Plaintiff resists this claim upon the ground that it had purchased the property on which it held the chattel mortgage, and that it had the right to dispose of the personal property without regard to the rights of the judgment creditors. It will be observed that the plaintiff purchased this property after this suit was commenced, and after the judgment creditors had answered and set forth their judgments and prayed that the plaintiff be compelled to satisfy its claim out of the chattel security. In place of so doing, as far as it could be done, the plaintiff has ignored its chattel mortgage, and purchased the personal property mortgaged and sold it at private sale, and has not accounted for the proceeds in satisfaction of the indebtedness. It is clear to us that such a proceeding cannot be sustained as against the rights of the judgment creditors. It would be inequitable to deprive these creditors of the right to participate in the just distribution of the Tufts property in satisfaction of the liens thereon in the order of their priority. It is generally established that a creditor holding liens on different property will not be permitted to satisfy his lien out of the property to the prejudice of a creditor having a lien on part of that property only after actual or constructive notice of such inferior lien. In this case actual notice of the lien of the judgment creditors was imparted by the answer in this case. This principle is not to be applied if the senior lienholder will be prejudiced in any manner. The general principle is well stated in Burnham v. Citizens' Bank, 55 Kan. 545, 40 Pac. 912: "The general rule enforced in equity is that where one creditor is secured by mortgage on several pieces of property, while another creditor is secured by a junior mortgage on only a part of the property, the prior creditor, when chargeable with actual notice of the rights of the junior creditor, is bound to exhaust his security on the property not covered by the junior lien, and that he must account to the junior

lienholder if he releases his security on or pays over to the mortgagor the proceeds of the property not covered by the lien of the junior mortgagee after actual notice of the junior lien." Section 4690, Rev. Codes 1899, announces in explicit terms the same principle. See, also, Pomeroy's Equity Jurisprudence, section 1414, and cases cited; Meacham v. Steele, 93 Ill. 135; Dewey v. Ingersoll, 42 Mich. 17, 3 N. W. 235; Jordan v. Hamilton County Bank, 11 Neb. 499, 9 N. W. 654; Kendall v. Woodruff, 87 N. Y. 1; Ingalls v. Morgan, 10 N. Y. 178.

In this case the defendants have asked only that the proceeds of the sale of the mortgaged chattels be applied on plaintiff's debt, and not that the plaintiff's lien on the land be postponed to the extent of the money realized on the sale of the chattels. Their contention that such money should be applied as a payment on the debt is equitable, and is allowed at the sum of $2,369.03. The property covered by plaintiff's mortgage not sold as herein stated, should also be sold under foreclosure proceedings, and the proceeds applied on plaintiff's debt, less costs and expenses of foreclosure.

Plaintiff contends that it is entitled to be allowed a deduction on the $2,369,03 of the sum of $600 paid to Lathrop for the property. In view of defendants' rights, as known by plaintiff, the payment of this sum as purchase money was unauthorized and in defiance of defendants' equitable rights, and should not be allowed as a credit.

It is also claimed by plaintiff that it is entitled to an allowance of the expense of keeping the chattel mortgaged property. It did not foreclose under its mortgage. It simply purchased the property and ignored its mortgage, and is not entitled to any expenses upon any ground.

Plaintiff paid taxes on the land to protect its lien, and also paid interest on the $8,000 prior mortgage for the same purpose. The trial court allowed it credit for such payments, and such action was proper under the statute and upon equitable principles. Sections 1277, 4676, Rev. Codes 1899. This was beneficial to the defendants, and they have no just grounds for complaint on that ground. Foster v. Furlong, 8 N. D. 282, 78 N. W. 986.

In this case the defendants ask that the proceeds of the sale of the property be applied on Tuft's indebtedness. They thereby acquiesced in that sale, so far as the amount realized therefrom, and are content with credit for that sum on the total of Tuft's indebtedness, found by the court to be $10,549 in the aggregate. The

sum of $2,369.03 will be allowed as a payment on the total indebtedness as of the day of the sale. Were it not for the fact that part of the personal property is still subject to plaintiff's chattel mortgage, final judgment would be ordered by this court. But the case must be remanded for further proceedings in reference to the property undisposed of.

The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion; costs to be in favor of the appellants. All concur.