**PIERSON v. McCRORY et al.**

No. 14234—Opinion Filed Sept. 18, 1923.

Rehearing Denied Oct. 30, 1923.

**1. Oil and Gas—Recording Assignment of Lease—Notice to Subsequent Incumbrancers.**

An assignment of an oil and gas lease, absolute in form, executed and delivered with an oral agreement that the same was given to secure the payment of money, and recorded in the proper book kept in the office of the county clerk for recording assignments of oil and gas leases, where no defeasance agreement is filed and recorded therewith, does not constitute constructive notice to subsequent incumbrancers for value that such assignment was intended as a mortgage.

**2. Same—Assignment Intended as Mortgage —Priority of Lien for Labor and Material.**

An assignment of a producing oil and gas lease, absolute in form, and recorded in the office of the county clerk as such, but intended as a mortgage to secure the payment of money, but no defeasance agreement filed and recorded therewith, constitutes a lien upon such lease junior and inferior to liens for labor and material furnished upon such lease subsequent to the recording of such assignment without notice that the assignment was intended as a mortgage.

(Syllabus by Ray. C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Washington County; J. R. Charlton, Judge.

Action by J. A. McCrory, Oil Well Supply Company, and National Supply Company, against Stuart E. Pierson. Judgment for plaintiffs, and defendant appeals. Affirmed.

M. E. Michaelson, for plaintiff in error.

Shipman & Lewis, Banks & O'Brien, and Campbell & Ray, for defendants in error.

Opinion by RAY, C. Plaintiff in error presents his case under two propositions:

(1) A duly recorded assignment of an oil and gas lease absolute in form but given and intended as a mortgage to secure the payment of money is effective as a mortgage against, and takes priority over, subsequent material and labor liens against said lease.

(2) The judgment does not conform to the pleadings, the evidence and the findings of fact in said judgment.

In his brief he says:

"Plaintiff in error is appealing from said judgment on the sole question of the priority of his mortgage lien to the liens of defendants in error."

The facts necessary to an understanding of the question are: February 20, 1920, J. R. Robertson and J. A. Rawlings were owners of a producing oil and gas lease upon a quarter section of producing oil and gas lease upon a quarter section of land in Washington county, Robertson owning an undivided three-fourths interest and Rawlings an undivided one-fourth interest. February 20, 1920, Robertson having acquired an option on Rawlings' interest, with a view to buying it, entered into a contract with J. A. McCrory to do certain drilling on the lease. Next day, February 21, Robertson, to secure the payment of money owing by him, assigned his three-fourths interest to Stuart E. Pierson, which assignment was on the same day filed of record in the office of the county clerk of Washington county and recorded in the miscellaneous record where assignments of mining leases were recorded, and not in the mortgage record. Robertson did not buy Rawlings' interest and the two together continued in control and operation of the lease. McCrory, under his contract, drilled one well on the lease which was not paid for. In drilling the well, the Oil Well Supply Company and the National Supply Company furnished materials which were used in the drilling operations, which likewise were not paid for.

McCrory and the Oil Well Supply Com-

pany brought separate actions to foreclose their respective liens and the National Supply Company intervened in the case of the Oil Well Supply Company. Certain of the pleadings in the two cases were amended so that when they came to trial, Robertson, Emma Rawlings, as administratrix of the estate of J. A. Rawlings, deceased, and Stuart E. Pierson were defendants alleged to be the owners of the lease and that the work and material furnished were so furnished under contract with Robertson acting for himself and as agent for the other defendants. The defendant, Pierson, by his amended answer, denied ownership or any interest in the lease, denied the agency of Robertson, and alleged that the assignment was taken as a mortgage to secure the payment of $11,000 and interest owing to him by Robertson. The McCrory case was tried to a jury and resulted in a verdict in favor of McCrory and against the other two defendants, Robertson and Rawlings, in the sum of $4,491.50. The supply company cases were tried to the court and the defendants, Robertson and Rawlings, admitted that the materials were furnished by the supply companies and used in drilling the well on the lease and were of the value alleged.

By agreement of the parties, entered into before the trials were begun, the two cases were then consolidated for the purpose of determining the priority of the various liens claimed. It was agreed in open court by the attorneys, all the parties being represented, that there was but one question for the court to determine and that was the priority of the liens. After the evidence was submitted the court took the matter under advisement and on the 27th day of December, 1922, caused a journal entry of judgment to be filed, in which, after finding in favor of McCrory and the two supply companies in the amounts claimed by them respectively, with others, it made these three findings:

"5. That the work and labor performed and material furnished by the plaintiff, J. A. McCrory, plaintiff, Oil Well Supply Company, and intervener, National Supply Company, was performed and furnished on the same well, and that the liens of plaintiffs and intervener are of equal priority.

"6. That on the 21st day of February, the defendant, John R. Robertson, executed an assignment in favor of the defendant, Stuart E. Pierson, covering an undivided three-quarters interest in and to the above described oil and gas mining lease, together with the buildings, appurtenances, oil and gas wells, fixtures and appliances on said lease: that said assignment was given and intended between the parties thereto as a mortgage to secure the payment of the sum of $11,000, with interest thereon at the rate of six per cent. per annum; that said assignment was recorded in the office of the county clerk of Washington county, Okla., on said 21st day of February, 1920. That no instrument of defeasance was executed or recorded showing that said assignment was given and intended between the parties thereto as a mortgage to secure the payment of money, and that said J. A. McCrory, Oil Well Supply Company and National Supply Company had no notice, either actual or constructive, that said assignment was given and intended as a mortgage.

"7. The court further finds as a conclusion of law, that the liens of the plaintiff J. A. McCrory, plaintiff Oil Well Supply Company, and intervener, National Supply Company, are first and prior liens on the above described oil and gas mining lease, and are superior to the lien of the defendant, Stuart E. Pierson."

We think that an assignee of a producing oil and gas lease, where the assignor has made a drilling contract with a drilling contractor to clean out one well and drill another well on the lease prior to such assignment, and who leaves the assignor in control of the operations upon the lease, and the drilling contractor, after such assignment has been filed and recorded in the proper record kept by the county clerk for recording such instruments, performed his contract under the directions of the assignor under such circumstances as to make the assignor the agent of the assignee, as in this case, and because of nonpayment the contractor has filed his lien statement under section 2, chap. 258, Sess. Laws 1919 (section 7464, Comp. Stat. 1921), which authorizes and provides for such lien when the work is done or material furnished under contract, express or implied, with the owner, trustee, or agent of such owner, the assignee of such lease, in the absence of actual notice to the contractor that such assignment was intended as a mortgage, will not be permitted to come into a court of equity and defeat such lien by claiming and providing that the assignment was in fact a mortgage.

But plaintiff in error contends: (1) That by an amendment made to the petition at the time of the trial, McCrory admitted that the mortgage of Pierson was a prior and superior lien; (2) that the purported assignment to Pierson, as filed and recorded, was notice to all the defendants in error of the interest he had in the lease on which they subsequently performed labor and furnished material; and (3) that whether it be effective as a mortgage, or as an absolute assignment, the lien attached prior to the date of the liens of defendants in error and is, therefore, a superior lien.

1. Just before trial Pierson filed an amended answer in which he first disclosed that he claimed the assignment to be a mortgage, and, at the time of the trial, counsel for McCrory asked and was given leave to amend his petition by alleging that Pierson was a mortgagee as claimed by him in his amended answer. The amendment in fact was not made. The trial court understood it to be an amendment to conform to the proof. Subsequent proceedings throughout the trial show that the purpose of the proposed amendment was to fix the status of Pierson as a lien claimant rather than as an owner with a personal liability for the indebtedness. It was not intended as an admission of a prior lien and, we think, was not so understood.

2. The following sections of the statute are relied on by plaintiff in error:

Section 5252, Comp. Stat. 1921 (section 1155, Rev. Laws 1910):

"Every conveyance of real property acknowledged or approved, certified and recorded as prescribed by law from the time it is filed with the register of deeds for record is constructive notice of the contents thereof to subsequent purchasers, mortgagees, incumbrancers or creditors."

Section 5253, Comp. Stat. 1921 (section 1156, Rev. Laws 1910):

"Every instrument purporting to be an absolute or qualified conveyance of real estate or any interest therein, but intended to be defeasible or as security for the payment of money, shall be deemed a mortgage and must be recorded and foreclosed as such."

It is contended that there is no method provided for recording conveyances referred to in the above sections nor is the character of the book in which they should be recorded designated, and, therefore, must be controlled by the following sections relating to mortgages:

Section 7637, Comp. Stat. 1921 (section 4018, Rev. Laws 1910):

"Mortgages of real property may be acknowledged or proved, certified, and recorded in like manner and with like effect as grants thereof."

Section 7638, Comp. Stat. 1921 (section 4019, Rev. Laws 1910):

"The record of a mortgage, duly made, operates as notice to all subsequent purchasers and incumbrancers."

And it is contended that the last quoted sections being taken from Dakota, the case of Merchants State Bank v. Tufts, 14 N. D. 238, is controlling. As we understand it, that case was decided largely upon enactments subsequent to our adoption of certain of our laws from Dakota. It was an action to have a deed declared to be a mortgage and

to foreclose, and the opposing parties were general creditors and not incumbrancers for value. We think that the sections must be construed with the following sections:

Section 7639, Comp. Stat. (section 4020, Rev. Laws 1910):

"Every grant of real property, or of any estate therein, which appears by any other writing, to be intended as a mortgage within the meaning of this chapter, must be recorded as a mortgage; and if such grant and other writing explanatory of its true character are not recorded together at the same time and place, the grantee can derive no benefit from such record."

Section 5254, Comp. Stat. (section 1157, Rev. Laws 1910):

"Every instrument explanatory of any deed or other writing purporting to be a conveyance, but intended to be defeasible or as security for the payment of money, shall be deemed a part thereof, and must be filed and recorded therewith; and unless such instruments are so filed and recorded together, they and each of them shall have no other effect than an unrecorded mortgage, and the recording of the principal instrument shall secure no rights to the holder thereof."

It is contended that these sections do not apply for the reason that the defeasance agreement rests upon parol, and, therefore, the recording of the assignment in the proper book for recording such instruments was constructive notice of the real interest of the assignee. We are unable to agree that an oral defeasance agreement, which cannot be recorded, is of greater dignity or carries greater weight than such an agreement reduced to writing. We have examined the authorities cited and think they do not so hold. Wade on the Law of Notice (2nd Ed.) sec. 186, says:

"Another important requirement in regard to the registry of instruments, in order that they maye operate as constructive notice, is that they should be registered in their true characters. Otherwise they may fail to give notice, not only of the estate or interest they are intended to affect, but of that which they on their face purport to convey. As where an instrument is drawn and executed in the form of an absolute deed, which is intended only to take effect as a mortgage, it should be registered as a mortgage, and not as an absolute deed. The reason of this is that the instrument, not being an absolute conveyance of the property, its registry as such cannot charge any one with notice of its contents. It being in reality a mortgage, it should be recorded where the searcher for mortgages would be most likely to find it—in the record of mortgages."

The assignment was recorded in the proper book for recording such instruments and not in the mortgage record and we think was of

the effect of an unrecorded mortgage, good as between the parties but not good as against incumbrancers for value without notice. As to whether or not the assignment, if recorded in the mortgage record, would have constituted notice, is not before us and not decided.

3. As to the effect, considered as an absolute assignment, it is sufficient to say that plaintiff in error alleged it to be a mortgage, all the evidence tended to support the allegation, and the court so found. The question of the validity of the liens is not before us.

We think the findings of fact are sustained by the evidence and the law was properly applied. The judgment should be affirmed.

By the Court: It is so ordered.