(102 N. W. 223.)

---

The Northwestern Fire & Marine Insurance Company v. Sidney C. Lough et al.

Opinion filed December 21, 1904.

**Deed Is Absolute Unless Shown by Proof Clear, Satisfactory and Specific to Be a Mortgage.**

1. A deed conveying a town lot to the defendant bank is alleged by the plaintiff to be a mortgage, but that claim is disputed, and is unsupported by evidence that is clear, satisfactory and specific. *Held,* that such deed is what it purports to be, viz., an absolute conveyance of fee title.

**Deed by Cashier of Bank to Himself Presumptively Void.**

2. A deed executed by the cashier of a state bank to himself as an individual is, in the absence of affirmative evidence of such authority, presumptively void and of no effect.

Appeal from District Court, Grand Forks county; *Fisk,* J.

Action by the Northwestern Fire & Marine Insurance Company against Sidney C. Lough and others. Judgment for defendant, and plaintiff appeals.

Affirmed.

*J. A. Sorley* and *Guy C. H. Corliss,* for appellant.

Lough as equitable owner, and Loe as receiver, as the holder of legal title should be compelled to respect plaintiff's mortgage, as its proceeds have enriched the fund in the hands of the receiver for the benefit of the creditor.

*Chas. F. Templeton,* for respondent.

A warranty deed properly executed expresses upon its face its true meaning, intent and purpose. This presumption is overcome only by evidence that is "clear, specific, satisfactory and of such a character as to leave in the mind of the chancellor no hesitation or substantial doubt." McGuin v. Lee, 10 N. D. 160, 86 N. W. 714;

Little v. Braun, 11 N. D. 410, 92 N. W. 800; Riley v. Riley, 9 N. D. 580, 84. N. W. 347.

A deed by a cashier of a bank to himself is void, and conveys no interest. Haywood v. Lincoln Lumber Co., 26 N. W. 184; Park Hotel Co. v. Fourth National Bank, 86 Fed. 742; 30 C. C. A. 409; Security National Bank v. Kingsland, 5 N. D. 263, 65 N. W. 697; Perry on Trusts, section 207; Alta Silver Mining Co. v. Alta Placer Mining Co., 21 Pac. 373; Germania Safety Vault & Trust Co. v. Boynton, 71 Fed. 797; Clendenning v. Hawk, 10 N. D. 90, 86 N. W. 114; Thompson on Corporations, Vol. 3, section 4070.

Separate acts of individual directors are of no force to bind a bank, its stockholders or creditors. Baldwin v. Canfield, 26 Minn. 43; First National Bank v. Drake, 11 Pac. 445; Gashwiller v. Willis, 33 Cal. 11, 91 Am. Dec. 607.

GLASPELL, Special Judge. The plaintiff brings this action against Sidney C. Lough et al. to foreclose a mortgage against lot 17 in block 7 in the town of Northwood and county of Grand Forks, which mortgage was executed as security for a note for $2,000. The defendants, State Bank of Northwood and Samuel Loe, as receiver of said bank, answer, and assert that Lough had no right or title to the property mortgaged at any time, but, on the contrary, the lot was at the time of the execution of the mortgage and note the property of the bank, under a warranty deed duly recorded. The defendant bank and its receiver ask that title be quieted in them.

It appears that a warranty deed was executed by one Iver Johnson to the State Bank of Northwood on the 17th day of February, 1897, and recorded two days later. The plaintiff claims that this instrument, in form a deed, was in truth a mortgage, and that the debt secured thereby has been paid. Whether this conveyance was a deed or a mortgage is the principal issue in this action. The plaintiff's mortgage was executed and delivered on the 14th day of December, 1899, and recorded on the 26th day of the same month. The source of title for all parties to this action was Iver Johnson, and the defendant bank rests upon his warranty deed, which purports to convey an absolute title for a consideration. As this deed was executed, delivered and recorded prior to the mortgage, it conveyed a good title, unless the writing was not a deed, but really a mortgage. The burden of showing the negative was upon the plaintiff, and required evidence clear, satisfactory and specific. Jasper v. Hazen, 4 N. D. 1, 58 N. W. 454, 23 L. R. A. 58; Riley v. Riley, 9 N. D.

580, 84 N. W. 347; McGuin v. Lee, 10 N. D. 160, 86 N. W. 714; Wells v. Geyer, 12 N. D. 316, 96 N. W. 289; Little v. Braun, 11 N. D. 410, 92 N. W. 800. The trial court found, under the evidence, that the deed was an absolute conveyance of title; and this court reaches the same conclusion upon a review of the entire case, under section 5630, Rev. Codes 1899.

The defendant Sidney C. Lough is the central figure in this case, and he was at the times herein stated cashier of the State Bank of Northwood. The bank became insolvent, and Samuel Loe was appointed receiver October 10, 1901, under the state banking law. An instrument purporting to be a warranty deed from the State Bank of Northwood to Sidney C. Lough was recorded October 31, 1899, conveying the premises in issue. It was executed by Lough, as cashier of the bank, to himself as grantee. There is no evidence to show that he had power or authority from the directors of the bank to make such deed, but it was affirmatively shown that he had no such power. In the absence of affirmative evidence of such authority, a deed made by the cashier of a bank to himself as an individual is presumptively void and of no effect. West St. Louis Savings Bank v. Parmalee, 95 U. S. 557, 24 L. Ed. 490. To the general rule that the acts and contracts of a general agent, within the scope of his powers, are presumed to be lawfully done and made, there is an exception as universal and inflexible as the rule. It is that an act done or a contract made with himself by an agent on behalf of his principal is presumed to be, and is, notice of the fact that it is without the scope of his general power, and no one who has notice of its character may safely rely upon it without proof that the agent was expressly and specifically authorized by his principal to do the act or make the contract. Park Hotel Co. v. Fourth National Bank of St. Louis, 86 Fed. 742, 30 C. C. A. 409; Bank v. Kingsland, 5 N. D. 263, 65 N. W. 697. There has been no ratification of the act of Lough in conveying the lot to himself, but on the contrary, he admitted to the state bank examiner, after the failure of the bank, that the property belonged to the bank.

The trial court ruled that the State Bank of Northwood was, and has at all times since the 17th day of February, 1897, been the owner in fee of the land in controversy; that the deed of the State Bank of Northwood executed by Sidney C. Lough, its cashier, to Sidney C. Lough, is void and of no effect; and that the mortgage executed by Lough in favor of plaintiff is wholly void and of no

effect, and should be cancelled of record. The evidence conclusively supports this conclusion.

The judgment is affirmed.

YOUNG, C. J., and MORGAN, J., concur. COCHRANE, J., having been of counsel in the court below, took no part in deciding the case; S. L. GLASPELL, judge of the Fifth Judicial District, sitting in his stead.