O. M. OMLIE v. ANN· O'TOOLE ET AL.

Opinion filed June 19, 1907.

**Pleading — Complaint Cured by Answer.**

1. When essential averments are omitted from the complaint and supplied by the answer, such defects in the complaint are cured.

**Appeal — Abuse of Discretion as to Amendment.**

2. Action of trial court in amending complaint after evidence is all introduced, to make it conform to the proof, when such amendment makes no substantial change in the claim, will not be reviewed on appeal, unless an abuse of discretion is apparent. *Held,* under the circumstances surrounding the making of such amendment in this case, no abuse of discretion appears.

**Deed as Mortgage — Parol Evidence.**

3. An instrument in form a deed may be proved by oral testimony to be a mortgage between the parties and all others with knowledge of its purpose.

**Limitation of Actions — Effect of Payment on Security.**

4. Payment on the debt, or other acts which interrupt the running of the statute of limitations on the debt, also prevent the statute from running on the security.

**Same — Mortgage — Homestead — Payment by Husband.**

5. The assent of the wife is not necessary to an extension of the time of payment of a debt secured by mortgage on the homestead by the husband; and without her 'assent, the husband can prevent the statute from running on the mortgage.

**Same — Wife Joining in Mortgage on Homestead Not a Surety.**

6. A wife who joins husband in the execution of a mortgage on the homestead, given to secure his debt, does not thereby become a surety, and is not entitled to notice of an extension of the time for payment of the mortgage debt.

**Witness — Transactions With Decedent.**

7. In an action to foreclose a deed given as security for debt, wherein the grantee, witness, and the heirs at law of the grantor, since deceased, are adverse parties, testimony of the grantee that he paid interest on a prior mortgage and taxes on 'the mortgaged premises to protect the lien of his deed does not come within the statute disqualifying a party to an action from testifying to transactions had with a person since deceased.

**Mortgage — Mortgagee's Payments to Protect Lien.**

 8. The grantee in an instrument in form a deed, but given to secure a debt, can pay interest on a prior mortgage and taxes necessary to protect his lien and the lien of his deed will attach to such payments.

**Same — Evidence.**

 9. Certain evidence examined, and *held* sufficient to identify certain notes as given for same debt secured by lien.

Appeal from District Court, Walsh County; *Goss*, J.

Action by O. H. Omlie against Ann O'Toole and others. Judgment for plaintiff, and defendants appeal.

Affirmed.

*Geo. A. Bangs,* for appellants.

Under device of conforming pleadings to proof, new cause of action cannot be introduced. Freeman v. Grant, 132 N. Y. 22; Arnold v. Angel, 62 N. Y. 508; McMichael v. Kilmer, 76 N. Y. 36; Barnes v. Quigley, 59 N. Y. 265; Allen v. Brooks, 50 N. W. 253; Lewark v. Carter, 20 N. E. 119; 1 Enc. Pl. & Pr. 583; Southwich v. First National Bank, 84 N. Y. 420; Mares v. Warrington, 8 N. D. 329, 79 N. W. 441; 1 Enc. Pl. & Pr. 548, 549; Reeder v. Sayre, 70 N. Y. 190; Button v. Towboat Line, 40 Hun. 422; Davis v. Iowa State Ins. Co., 25 N. W. 745; Burns v. Schreiber, 51 N. W. 120.

The husband, without his wife's consent, cannot mortgage the homestead, extend or enlarge terms of mortgage thereon, prolong the statute of limitations upon it, or otherwise change its legal effect. Dunn v. Buckley, 46 Wis. 190, 14 N. W. 67; Jenkins v. Simmons, 37 Kan. 496, 15 Pac. 522; Barber v. Babel, 36 Cal. 11; Spencer v. Fredendall, 15 Wis. 666; Campbell v. Babcock, 27 Wis. 512; Hardman v. Portsmouth Bank, 61 Pac. 984; Cumps v. Koyo, 80 N. W. 937; Wood v. Goodfellow, 43 Cal. 185; Waples on Homesteads and Exemptions, p. 426.

 . A mortgage can be renewed or extended only by writing, with all the formalities of a grant. People's State Bank of Lakota v. Francis, 8 N. D. 369, 79 N. W. 853; Stoddart v. Hart, 23 N. Y. 557; London & San Francisco Bank v. Bandman, 52 Pac. 583; Wells v. Harter, 56 Cal. 342.

A lien limited to a particular debt cannot be extended to cover another. Locke v. Hubbard, 69 N. W. 588; Nevan v. Roup, 8 Ia. 207; Hathaway v. Fall River Bank, 131 Mass. 14; Jarvis v. Rogers, 15 Mass. 3189; Jones on Liens, section 15; section 4686 Rev. Codes of 1899.

A mortgage is a mere incident to a debt and is extinguished by a payment thereof. Sections 4694 and 4707 Rev. Codes (N. D.) 1899; McMillen v. Richards, 9 Cal. 365; Goodnow v. Ewer, 16 Cal. 461; Skinner v. Buck, 29 Cal. 253; Drake v. Root, 2 Colo. 685.

Even if it is in the form of a deed. 20 Enc. of Law (2nd Ed.) 981; Anderson v. Neff, 11 S. & R. 222; Wentz v. DeHaven, 1 S. & R. 311; Monson v. Monson, 30 Conn. 425; Nichols v. Cole, 3 Head, 92; Grover v. Flyre, 5 Allen, 543; Merrill v. Chase, 3 Allen, 339.

Amount paid for taxes cannot be secured by the quit claim deed. 24 Enc. Law (2d Ed.) 190; Briley v. Cherry, 2 Div. L. 2; 18 Am. Dec. 561; Costello v. Burks, 19 N. W. 247; Wilson v. Campbell, 33 Ala. 249; Snodgrass v. Bank, 25 Ala. 161, 60 Am. Dec. 505.

Plaintiff suing an administrator, cannot prove decedent's signature by his own testimony. Regan et al., Executor, v. Jones, 11 N. D. 591, 105 N. W. 613; Holiday v. Kinne, 22 Fla. 153; Jones on Evidence, section 793; In re. Toomey Estate, 150 Pa. St. 535; Holcomb v. Holcomb, 95 N. Y. 325; Cunningham's Adm'r v. Speagle, 50 S. W. 244; Montague v. Thompson, 91 Tenn. 168: Harte v. Reichenberg, 92 N. W. 987; Gist v. Gaus, 30 Ark. 285; Robinson v. Dugan, 35 Pac. 902; Quarrier's Arm'rs v. Quarrier's Heirs, 15 S. E. 154; Jones on Evidence, 793.

A person interested in the event of an action cannot testify as to transactions with deceased. U. S. Loan Co. v. Bitzer, 78 S. W. 183; Board of Com. Louisville v. Marret, 80 S. W. 166; McCowan v. Davenport, 47 S. E. 27; Garritson v. Kinkead, 92 N. W. 55, Pym v. Pym, 96 N. W. 429; Anderson v. Laugen, 99 N. W. 437; Jones v. Riley, 66 N. E. 649; Patton v. Fox, 69 S. W. 287; Swivel v. Hougan, 42 S. E. 151.

*J. H. Frame, Jeff M. Myers* and *J. H. Bosard,* for respondent.

If essential averments are omitted from complaint, but supplied by the answer, defect in complaint is cured. Bennett v. Phelps, 12 Minn. 326; Shartle v. Minneapolis, 17 Minn. 308; Rollins v. St.

Paul Lbr. Co., 21 Minn. 5; Warner v. Lockerby, 8 N. W. 879; Irwin v. Paulett, 1 Kan. 418; Bierer v. Fretz, 32 Id. 329; Riggs v. Maltby, 59 Ky. 88; Miller v. White, 4 Hun. 62; Erwin v. Schaffer, 72 Am. Dec. 613.

Power to amend should be liberally exercised. Anderson v. First National Bank, 5 N. D. 80, 64 N. W. 114; Martin v. Luger Furn. Co., 8 N. D. 220, 77 N. W. 1003; Lyons v. R. L. & S. Bk., 12 S. E. 882; Waterbury v. Fisher, 38 Pac. 846; Patterson v. Johnson, 73 N. E. 761; Stephenson v. Stephenson, 72 S. W. 742; Freeman v. Pullen, 31 So. 451; Brainard v. Burk, 148 U. S. 99, 46 L. Ed. 449; Tennant v. Dunlop, 33 S. E. 620; Harrison v. Yerby, 14 So. 321; Milner v. Stanford, 14 So. 644; Fite v. Kennemer, 7 So. 920; Moore v. Alvis, 54 Ala. 356.

An instrument in form a deed may be a mortgage by oral defeasance. Patnode v. Deschenes, 106 N. W. 573, 15 N. D. 100; O'Toole v. Omlie, 8 N. D. 444, 79 N. W. 849.

Extension of debt does not extend the mortgage securing it, so as to release a surety. People's State Bank of Lakota v. Francis, 8 N. D. 369, 79 N. W. 853; Roberts v. Roberts, 10 N. D. 531, 88 N. W. 289; Patnode v. Deschenes, supra.

Spalding, J. The complaint in this action alleges that prior to December 5, 1885, one Thomas O'Toole, since deceased, was the owner of the N. ½ of the N. E. ¼ of section 21 and the W½ of the N. W. ¼ of section 22, in township 159 N., of range 55 W., in Pembina county, N. D., and that on that day he and Ann O'Toole, one of the defendants herein, his wife, conveyed the same to plaintiff by warranty deed, which deed was recorded in the office of the register of deeds in Pembina county on the 8th day of February, 1886, but that said deed was given only for security; that on the 13th day of January, 1887, O'Toole and his wife executed and delivered to plaintiff another deed of the same premises, which deed was duly recorded on the 4th day of February, 1887; that at the time of the execution and delivery of the said deeds said O'Tooles were living upon and occupying said described premises, and continued to do so until the death of Thomas O'Toole; that Thomas O'Toole was indebted to the plaintiff in a large amount, and on or about the 20th day of November, 1894, he had a settlement with plaintiff of all matters relating to said indebtedness, and entered into a contract in writing, whereby the plaintiff agreed to reconvey said land to said O'Toole upon payment by O'Toole to plaintiff of $2,800, the amount

then due from O'Toole to plaintiff, and certain promissory notes which are set out in the complaint were given, and that in said contract O'Toole promised and agreed to pay all taxes that should accrue against said land after the year 1894, and that the title thereto and to all crops to be grown thereon should be and remain in the plaintiff until all the conditions of said contract should be fully performed by said O'Toole; that no part of said indebtedness has been paid, except $162, which was paid on the 1st day of November, 1895, and that O'Toole has neglected and refused to pay the taxes on said premises, and that plaintiff has paid the same, specifying dates of payment and the amount paid; that no action at law or other proceeding has been had to collect the amount due on said contract except certain unavailing attempts to seize grain; and that no action is now pending for the recovery of the money secured thereby, or any part thereof.

Judgment is asked that the amount due from said O'Toole to plaintiff is $2,800 with taxes and interest paid, with interest thereon, less the payment made of $162, and that the amount found to be due is a lien upon the real property described or any such part thereof as may be sufficient to pay the amount so adjudged to be due and the costs of sale and action, and that there be paid out of the proceeds thereof the costs of sale and action and the amount of such judgment, or any such part thereof as the proceeds of such sale will pay, and for execution for the balance, and the usual other relief asked in foreclosure proceedings. To this complaint defendants answered, denying each and every part thereof, except as specially admitted and alleged that Thomas O'Toole, deceased, and the defendant, Ann O'Toole, were husband and wife for more than 20 years before the death of Thomas O'Toole, and during all such time lived together as such; that in 1882 Thomas O'Toole filed on the land described in the complaint under the homestead laws of the United States, and that they established their residence thereon and have resided thereon with their family ever since, and that it is their homestead; that on or about the 5th day of December, 1885, the defendant Ann O'Toole executed and delivered to plaintiff an instrument, in form a warranty deed, but in fact a mortgage of said described premises, to secure the balance of an indebtedness remaining unpaid, created by Thomas O'Toole to plaintiff, on no part of which indebtedness Ann O'Toole was liable; that about the 1st day of February, 1887, she and Thomas O'Toole executed and de-

livered to plaintiff an instrument, in form a quitclaim deed, which purported to convey said premises to plaintiff, but which in fact was given as security for an indebtedness theretofore created, and then existing from said Thomas O'Toole to plaintiff, for no part of which said Ann O'Toole was responsible or liable, and that neither of said deeds contained any agreement, covenant, or obligation on the part of said Ann to pay or become responsible or liable for the indebtedness of said Thomas, for the security of which said deeds were executed. The answer also alleges that said deeds did not state in full the contract entered into between said Thomas and the plaintiff, but that there was a verbal defeasance entered into as a part of such transaction between said Thomas and the plaintiff, and that in its complete form it was a contract by which was conveyed or encumbered the homestead of the defendant Ann O'Toole, which in its complete form was not executed by her; that, if a valid contract or settlement was entered into between plaintiff and Thomas O'Toole on November 20, 1894, as set forth in the complaint, the same amounts to an extension of the time of payment of the indebtedness which said deeds were given to secure, and that, if such deeds were valid and binding, such settlement or contract was an alteration of the contract between the principals which released said Ann and rendered such deeds of no further force and effect, and that if any such contract and settlement was entered into it was not executed or acknowledged by her and was without her knowledge. She also alleges that the debt is paid, and pleads the statute of limitations, and also pleads a final judgment between said Omlie and O'Toole and one Lane, entered in the district court of the seventh judicial district for Pembina county in 1899, to the effect that said deeds were given only as security for the payment of money and as between the parties thereto were mortgages, and that said Thomas O'Toole was the owner of the land described. We may say here that on the trial of said case it developed that $1,000 of the $2,800 indebtedness mentioned in the contract of settlement made on the 20th day of November, 1894, between O'Toole and Omlie, was shown to be a mortgage given by Omlie on this land, by which he raised funds to pay a matured mortgage given by O'Toole, then outstanding against the said land, and no claim to recover such $1,000 or for judgment therefor was made, and such contract or settlement was treated and considered the same as though it had only been for the sum of $1,800 instead of $2,800. The defendants Farmers' State

Bank, Robertson Lumber Company, and George A. Bangs, are made parties only for the purpose of foreclosing their right to redeem as subsequent lien holders.

On the trial in the district court, defendants objected to the introduction of any evidence under the complaint for the reasons claimed: First. That it fails to state facts sufficient to constitute a cause of action, in this: that, if an action to recover a money judgment upon a claim or contract, it is fatally defective, in that it shows that the only one of the defendants personally liable is dead, with no one surviving him against whom a personal judgment can be rendered. Second. That it appears from the pleadings that the court is without jurisdiction, power or authority to declare a lien for the amount prayed for in the complaint against the land described. Third. Because the complaint fails to set forth any facts which entitle the plaintiff to equitable relief. The court overruled this objection, and this ruling is assigned among the errors committed by the trial court. We think the complaint, taken as a whole, does not disclose an attempt to procure a personal judgment. The action was begun before the death of Thomas O'Toole, and a personal judgment was prayed for against him. After his death the complaint was amended to recite the fact of his death, and other parties were made defendants—his heirs at law, etc.,—and some portions of the complaint, which might properly have been changed to make it technically perfect, were left unchanged, but, as a whole, we construe it as asking the court to find the amount due from the late Thomas O'Toole to plaintiff. If it can be construed as asking a personal judgment, this does not invalidate the claim for other relief well pleaded. The reasons for the second ground of demurrer are not entirely clear, but we assume them to be based upon the theory that the complaint shows an agreement to mortgage the homestead for the debt of the husband, or to extend the time of payment of the debt secured by such mortgage without the consent of the wife to such an extension. This will be treated later in this opinion, but it is sufficient to say at present that this point assumes as facts things which were sought to be established on the trial, viz., whether the plaintiff was seeking to hold his lien for a different debt from the one secured by the mortgage, and whether the wife had given her consent to an extension, and, if not, whether it was necessary, and was her signature to the defeasance necessary, or was a verbal defeasance adequate. As to the third ground of objection, the com-

plaint sets out facts showing on its face a lien on the premises and asks for relief. If there are other defects: in the complaint fatal to plaintiff's claim, they are cured by the answer, which states more fully than the complaint certain of the facts on which the plaintiff relies for his right to recover. ' If essential averments are omitted in the complaint and supplied by the answer, such defects in the complaint are cured. Bennett v. Phelps, 12 Minn. 326 (Gil. 216); Shartle v. Minneapolis, 17 Minn. 308 (Gil. 284); Rollons v. Lumber Co., 21 Minn. 5; Bierer v. Fretz, 32 Kan. 329, 4 Pac. 284; Erwin v. Shaffer, 72 Am. Dec. 613, 9 Ohio St. 43.

After the close of the evidence, plaintiff asked and was permitted leave to amend his complaint to conform to the proof, which proof tended to supply the omissions complained of by defendant in the complaint and conformed to statements of the answer. This ruling is assigned as error. The amendment added a few items of taxes paid and interest paid on the $1,000 mortgage hereinbefore referred to, and more fully described the debt secured by the deeds to the plaintiff and set out the giving of the mortgage for $1,000. After a careful inspection of all the pleadings, we see no material change in the claim. Both the original and amended complaints state facts showing a lien on the premises, and ask to have the amount determined and the property sold by the usual method of foreclosure. We think the action of the court comes within the rule permitting the exercise of the discretion of the trial court in allowing amendments, and see no abuse of such discretion, and particularly as no claim was then made that defendants were taken by surprise, or that they were unable to meet the new allegations. It is well settled that, unless the trial court abuses its discretion in allowing an amendment to make the complaint conform to the proof, where there is no substantial change in the claim, such action will not be deemed reversible error.

We deem it advisable, before taking up the contentions of the appellants in detail, to consider certain legal questions involved, relating to the case in general, as this will furnish a starting point from which the effect of the evidence and all other questions can more readily be determined. (1) An instrument, in form a deed, may be proved by oral testimony to be a mortgage as between the parties and all others with knowledge of its purpose. Rev. Codes 1905, section 6153; Patnode v. Deschenes (N. D.), 106 N. W. 573; O'Toole v. Omlie et al., 8 N. D. 444, 79 N. W. 849. (2) The

character of the two deeds described in the complaint in this case has been determined in O'Toole v. Omlie et al., 8 N. D. 444, 79 N. W. 849, where this court held them to be mortgages, and it is claimed in both the complaint and answer that they were not given as absolute conveyances but as security for debt. (3) Payments on the debt or other acts which interrupt the running of the statute of limitations on the debt also prevent the statute from running on the security. Mortgage Co. v. N. W. Thresher Co., 14 N. D. 175, 103 N. W. 915, and cases cited. (4) Whether the husband may alone extend the time of payment of the debt secured by the mortgage without releasing the mortgage depends on the nature of the interest of the wife in the homestead. See extended note in Jerdee v. Furbush, 95 Am. St. Rep. 917. This court has intimated, in a case directly in point, what a wife's interest in a homestead is, where the title, as in this case, is in the husband, and has held that her assent is not necessary to an extension of the time of payment of the mortgage debt, and that without her assent the husband can prevent the statute running against a mortgage of the homestead. The facts in the case cited infra are so nearly identical with those of the case at bar in relation to this phase, and the principles are so fully discussed in the opinion of Judge Morgan in that case that no additional consideration of this point is now necessary. We reaffirm the principles there developed. Roberts v. Roberts, 10 N. D. 531, 88 N. W. 289. That case also settles the question as to her suretyship, and in any event, if she was a surety, the burden was on her to show that she did not consent to any extension of the time of the payment. Patnode v. Deschenes (N. D.) 106 N. W. 573. The remaining questions to be considered in this case relate largely to the sufficiency of the evidence and to its admissibility.

It is claimed by the defendants that the debt for which the deeds were given as security has been paid, and that, if not paid, it has not been identified as the debt described in the settlement, made on the 20th day of November, 1894. The plaintiff was sworn as a witness in his own behalf, and inquiry made of him as to certain exhibits that were offered in evidence. These exhibits may be resolved into two classes. Certain notes given by Thomas O'Toole to third parties, and evidently purchased by Omlie were offered for the purpose of showing how the original indebtedness arose, and he testified on this subject, over objection, that he was disqualified under the statute relating to one party testifying in his own behalf

relating to a transaction with a deceased person. We deem this evidence entirely immaterial, as it was established by other evidence that the indebtedness declared upon in the complaint was in the main a continuation of the same indebtedness for which the second deed was given as security, and it was unnecessary to show how the original debt was incurred. So, conceding, for the purposes of this case, that Omlie was disqualified as a witness on those transactions, no injury was done the defendants. The remaining part of his testimony identified certain interest coupons on the $1,000 mortgage, which he had given on the premises described, and which we have hereinbefore referred to and to the fact of his payment of taxes upon the same premises. This testimony did not relate to transactions with Thomas O'Toole, but to payments made to third parties to protect his interest in the premises. In our view of the law disqualifying the party, invoked by the defendants, it would be an unwarranted extention of the statute to hold that his testimony in this regard came within the prohibition. We are not disposed to extend the doctrine of this disqualificatioin by making it apply any further than the plain terms of the statute necessitate its application. The reasons for this are very forcibly expressed by Judge Corliss in St. John v. Lofland, 5 N. D. 140, 64 N. W. 930, where he said: "Statutes which exclude testimony on this ground are of doubtful expediency. There are more honest claims defeated by them by destroying the evidence to prove such claims than there would be fictitious claims established if all such enactments were swept away, and all persons rendered competent witnesses. To assume that, in that event, many false claims would be established by perjury, is to place an extremely low estimate on human nature and a very high estimate on human ingenuity and adroitness. He who possesses no evidence to prove his case, save that which such a statute declares incompetent, is remediless. But those against whom a dishonest demand is made are not left utterly unprotected because death has sealed the lips of the only person who can contradict the survivor, who supports his claim with his oath. In the legal armory there is a weapon whose repeated thrusts he will find it difficult, and in many cases impossible, to parry if his testimony is a tissue of falsehoods—the sword of cross-examination. For these reasons which lie on the very surface of this question of policy, we regard it as a sound rule to be applied in the construction of statutes of the character of the one whose interpretation is here involved that they

should not be extended beyond their letter when the effect of such extension will be to add to the list of those whom the act renders incompetent as witnesses." And Prof. Wigmore, at section 578 of his work on Evidence, gives other and forcible reasons why this doctrine should not be extended. The vice of this statutory rule is manifest in the case at bar. The right of the plaintiff to recover depends largely, if not wholly, upon the question whether the indebtedness described in the settlement of November 20, 1894, was the same as that for which the second deed was given as security. O'Toole, the debtor, was dead at the time of the trial. Notes given by O'Toole to the plaintiff were offered in evidence, dated between the time the deed was given and November 20, 1894, and it was sought to determine whether they, together with the notes of November 20, 1894, were evidence of new and different indebtedness, or whether they were simply renewals or continuances of the original indebtedness secured by the last deed. Omlie could not, under the statutes, testify as to this fact. Receipts for money paid to O'Toole by him were offered in evidence by the defendants without any explanation to indicate whether the payments were made upon the indebtedness in question or upon the other indebtedness. Without doubt Omlie could have explained the whole matter, but the statute precludes his doing so, on the theory that no party to an action of this kind will tell the truth and that no cross-examination can be made or evidence adduced which will impeach his testimony or establish the facts. We conclude that his testimony as to the payment of the interest and taxes were transactions with third parties, and was both competent and material. Bank v. Tufts, 14 N. D. 238, 103 N. W. 760.

The defendants offered in evidence two notes given by O'Toole to Omlie on the day the second deed was acknowledged, and marked "Satisfied," under date of February 7, 1889, and they concede that these notes evidence the indebtedness for which the deed was given as security, but contend that the indorsement of the words "Satisfied, February 7, 1889," indicates that they were paid, and that indebtedness canceled and that the deeds should have been canceled. Other notes were offered in evidence bearing date between then and the 20th of November, 1894, having a tendency to show that there was a continuous indebtedness, and Mr. J. H. Fraine, an attorney at Grafton, testified that he had acted for Omlie and O'Toole in the preparation of the instrument bearing date November 20,

1894, and the notes in controversy; and had overheard and participated in a conversation which took place at that time in his office between O'Toole and Omlie as to the amount of the indebtedness between the parties on that date, and as to the items constituting it. It is clear that on the date of this settlement which occurred between Omlie and O'Toole in Fraine's office both Omlie and O'Toole considered Omlie the owner of the land by reason of these deeds, and that at that settlement the account between them by reason of the indebtedness was stated and agreed upon, and that that agreement which was in writing, also provided under what terms Omlie should redeed the land to O'Toole, and his conversation, as shown by the testimony of Fraine, was on the theory that Omlie was the owner of the land at that time. However, that question was decided by this court in O'Toole v. Omlie et al., supra, adversely to the belief of both Omlie and O'Toole. It is unnecessary to quote Fraine's testimony at length, but, among other things, he identified the indebtedness of November 20, 1904, with the indebtedness at the time the deed of February 1, 1887, was given. Mr. Fraine says in relation to the conversation: "As I understood it, it is just as I have stated, that some years before O'Toole had been compelled by the stress of circumstances to sell Omlie this land, and that the amount that he sold it for was the amount that he then owed Omlie. That amount was computed with interest and the $1,000 mortgage or some mortgage—I understood it was a $1,000 mortgage—was added to that amount and that was the amount that was to be the consideration of this contract." We think that the testimony of Mr. Fraine sufficiently identified the indebtedness as the indebtedness which the deed was given to secure. It is not necessary to consider whether under the facts of this case the security of the deed could have extended to any other indebtedness than that existing at the time it was given, and for which it was then security, and extensions of time of payment or renewals of such indebtedness. As we have before indicated, we hold that it covers any extension of time or renewals of the original indebtedness without the assent of Mrs. O'Toole; and it is also security for taxes paid, as well as interest on the prior incumbrance paid by Omlie to protect the title of the land.

Under all the circumstances, we think that the fact that the notes given at the time the deed was acknowledged and conceded by the defendants to be the indebtedness secured by the deed were marked

"Satisfied" does not indicate in this case that they were actually paid, other than by renewals or extensions. In other words, the indorsement on those notes does not overcome the weight of the testimony by Mr. Fraine. This theory is strengthened by the fact that those notes with interest computed in accordance with their terms amount to within $2 or $3 of the $1,800 debt on the 20th of November, 1894; and the evidence leaves no doubt. that the payments shown by the defendants were made upon other indebtedness existing between O'Toole and Omlie. Their dealings had extended over many years, and related to many subjects, and Omlie had the right, in case payments were made without directions that they should be applied upon any part of the indebtedness or upon this particular indebtedness, to apply them on any demands he had against O'Toole, and we cannot presume that they should have been applied upon this under the circumstances without proof of that fact, and there is an entire lack of such proof.

Having concluded that the debt on the 24th day of November, 1894, evidenced by the notes aggregating $1,800, represented the original debt, the plea of the statute of limitations is disposed of. The amount for which judgment was entered in the district court is less, rather than more, than the original debt, with interest and taxes and interest paid. Finding no other error and the plaintiff not complaining of this, the judgment of the district court is affirmed, with costs to respondent. All concur.

FISK, J., being disqualified, TEMPLETON, J., of the First judicial district, sat in his place.