(114 N. W. 728.)

---

## D. B. SCOTT v. NORTHWESTERN PORT HURON COMPANY.

Opinion filed February 14, 1908.

**Pleading—Amendment—Abuse of Discretion.**

1. On this case being regularly called for trial, the defendant submitted a motion for a judgment upon the pleadings, whereupon plaintiff asked leave to amend his second amended complaint and the reply to defendant's answer. *Held,* that the record discloses no abuse of the legal discretion vested in the trial court by its refusal to permit such amendments.

**Same—Successive Applications to Amend.**

2. While trial courts should be liberal in permitting amendments so justice may be done, such rule in granting amendments changes to the disadvantage of the applicant on each new amendment being allowed.

**Same—Denial of New Matter in Answer.**

3. Under the code an allegation of new matter in the answer, not relating to the counterclaim, is deemed to be controverted by the adverse party. *Held,* that a general denial of new matter contained in the answer, made in a reply, is surplusage, and leaves the issues the same as though no such denial had been made.

**Same—Complaint's Defects Supplied by Answer.**

4. Supplying by the answer material allegations omitted from the complaint, which is not demurred to, cures the defect occasioned by such omission.

**Same—Judgments on Pleadings.**

5. Under the pleadings in this case, the trial court was justified in holding proof of breach of warranty inadmissible, but, irrespect-

ive of any question as to breach of warranty made by the pleadings, other issues were made by reason of which it was error for the court to enter judgment on the pleadings.

### Same — Statements by Counsel as to Proposed Proof.

6. In considering a motion for judgment upon the pleadings made when a case is called for trial, the court may properly take into consideration admissions and statements made by counsel for one of the parties showing what he expects to prove and rely upon on the trial.

Appeal from District Court, Traill county; *Pollock, J.*

Action by D. B. Scott against the Northwestern Port Huron Company. Judgment for defendant, and plaintiff appeals.

Reversed, and new trial granted.

*John Carmody and P. G. Swenson,* for appellant.

When there is reasonable doubt as to the propriety of an amendment it should be allowed. Martin v. Luger Furniture Co., 8 N. D. 220, 77 N. W. 1003; Stringer v. Davis, 30 Cal. 318; Smith v. Yreka Water Co., 14 Cal. 201.

Judgments on pleadings should not be granted if there is an issue. Viets v. Silver, 15 N. D. 51, 106 N. W. 35.

When objection to pleadings is first made on the trial, pleadings will be liberally construed. McCormick Harvester Machine Co. v. Falconer, 64 N. W. 163; Zimmerman v. Carpenter, 84 Fed. 747; Plankington v. Gray, 11 C. C. A. 268; Thompson v. Donahue, 92 N. W. 27; Jenkinson v. City of Vermillion, 52 N. W. 1066; Martin v. Graff, 74 N. W. 1040; Rice v. Bush, 16 Col. 484; Denis v. Velati, 31 Pac. 1; McAllister v. Welker, 41 N. W. 107; Malone v. Minn. Stone Co., 31 N. W. 171; Weicher v. Cargill, 84 N. W. 1007; Holmes v. Campbell, 12 Minn. 225; Kelly v. Kriess, 68 Cal. 210 11 Enc. Pl. & Pr. (2d Ed.) 1047; Holtz v. Hanson, 91 N. W. 663; Phillips v. Carver, 75,N. W. 432; Hegenah v. Geffert, 41 N. W. 967; Barton v. Gray, 12 N. W. 30; Bauman v. Bean, 23 N. W. 451; Witbeck v. Sees, 73 N. W. 915; Fire Association v. Ruby, 82 N. W. 629; Johnson v. Burnside, 52 N. W. 1057; Anderson v. Alseth, 62 N. W. 435.

*W. E. Dodge,* for respondent.

An admission made and relied upon, cannot be taken away by amendment. Zimmer v. Brooklyn Ry. Co., 23 Abb. N. Case, 382.

Defendant's claim for breach of warranty may be deducted from amount sought by plaintiff. Davis v. Dickey, 23 Atl. 848; Taylor v. Griswold, 32 Ga. 569; Mears v. Nichols, 41 Ill. 207; Hillenbrand v. Stockman, 24 N. E. 370; Roebling Sons Co. v. Winthrop Hematite Co., 38 N. W. 310; Buffalo Barb Wire Co. v. Phillipps, 30 N. W. 295; Smith v. Pattee, 70 N. Y. 13.

SPALDING, J. This is an action to recover damages for an alleged failure to deliver a farm engine ordered by plaintiff from the defendant. The plaintiff's second amended complaint contained the following allegations material to a determination of this appeal: It alleged that on the 22d day of August, 1904, at Hillsboro, N. D., the plaintiff purchased of the defendant, and the defendant agreed to deliver to plaintiff at Cummings, N. D., on or about the 26th day of August, 1904, one new Port Huron engine of a certain description, warranted to be firstclass in material and in other particulars, and that the plaintiff was to pay therefor the sum of $2,415, of which $1,315 was to be paid by delivering to defendant one certain other engine, and $1,100 on the 15th day of September, 1904, in cash, all provided said engine was delivered to plaintiff at Cummings, N. D., on or about the 26th day of August, 1904, and was a new engine, and was as warranted, and that the plaintiff on such contract then and there paid the defendant the sum of $1,315 by delivering to it the secondhand engine referred to and which the defendant still retains; that the value of the engine purchased by plaintiff if delivered at Cummings, N. D., as per agreement, on or about the 26th day of August, 1904, and of the kind warranted, was $2,415, and that it was of the same value to the plaintiff; that plaintiff was ready and willing at the time and place aforesaid to receive the said engine, and pay the balance therefor, provided it was a new engine and as warranted and represented by the defendant, and that the defendant failed to deliver to plaintiff at Cummings, N. D., on or about the 26th day of August, 1904, any new Port Huron engine described or any engine whatever, and that the plaintiff was damaged thereby in the sum of $1,315. As a sixth allegation the plaintiff alleges that he was informed and believes that the defendant did on or about the 6th day of September, 1904, ship to him at Cummings, N. D., one threshing engine, but that the same was not a new engine, but a secondhand engine, and was not of firstclass workmanship and finish, and plaintiff demanded judgment against the defendant for the sum of $1,315,

with interest. To this complaint the defendant answered, denying each and every allegation thereof, except as specifically admitted, and denying that the plaintiff sustained damages in the sum of $1,315, or any sum whatever. Further answering, the defendant alleged that on or about the 22d of August, 1904, at Hillsboro, N. D., the plaintiff executed and delivered a written order to defendant for an engine, which is set forth. It is sufficient to say that the order pleaded requested the defendant to deliver f. o. b. at its factory or warehouse on or about the 26th day of August, 1904, and ship to Cummings, N. D., one Port Huron engine, 25 horse power (traction rating), simple compound, one straw burning attachment, and one jacket, list price, $2,415, and plaintiff agreed to receive the same on its arrival and pay the freight and charges, and pay to defendant or its agent on or before the arrival of such machinery the sum of $2,415, $1,315 in one engine described, and note due September 15, 1904, for $1,100. The answer also alleges that such order was immediately accepted by the defendant, and that its factory and warehouse referred to were in the city of Port Huron, Mich., and that the time necessarily required to load and ship such machinery from said factory to Cummings, N. D., was at least ten days.

The answer further alleges that within the time specified in the contract, and within ten days from the 26th day of August, 1904, it loaded, shipped, furnished, and offered to deliver to plaintiff the engine and attachments described in said order, and tendered the same to plaintiff, and that the plaintiff then and there wrongfully and unlawfully disregarding the conditions of the contract, failed, neglected and refused to accept or receive the same or any part thereof, and has at all times failed, neglected, and refused to accept or receive the same or any part thereof; that said engine and attachments were in perfect condition, without defect, and strictly in accordance with the provisions of the order, when so tendered. The answer further admits that defendant agreed, as stated in said order, to receive from plaintiff a certain secondhand engine, but alleges that it was falsely represented by plaintiff as worth the sum of $1,315, and then sets forth the facts tending to show that the secondhand engine was not as represented by the plaintiff whose representations the defendant wholly relied upon, and that it was defective, and worthless beyond repair, and could not be utilized for any purpose whatever, and would not be accepted as part payment for

said engine, and that said engine has been at all times held by the defendant subject to the order of the plaintiff, as plaintiff has been notified and knew, and renewing defendant's offer to deliver the same to the plaintiff. The defendant then pleads as a counterclaim damages in the sum of $1,000 for plaintiff's failure to accept or receive the engine ordered. To this answer the plaintiff replied, denying each and every allegation of new matter pleaded in the answer, and also denying the allegations of the counterclaim, and that the plaintiff was damaged in the sum of $1,000 or any sum by reason of the causes alleged in the counterclaim.

The case came on for trial the 26th day of March, 1906, when the following proceedings took place: The defendant submitted a motion to the court to direct entry of judgment in its favor and against the plaintiff upon the pleadings, consisting of the second amended complaint, the answer, and reply, upon the grounds, first, that the complaint did not state facts sufficient to constitute a cause of action; second, that it appeared from said complaint that the machinery was shipped to the plaintiff at Cummings on or about the 6th day of September, 1904, that it was alleged in the answer that the same was not received or accepted by the plaintiff, which facts were denied by the reply, and that hence from the pleadings as they stood it appeared that the plaintiff received and accepted the machinery in question on or about the 6th day of September, 1904, and it did not appear that the plaintiff had ever returned the same to defendant or offered to do so, or that he had in any way been damaged by the action of the defendant. Whereupon the counsel for the plaintiff asked leave to amend by striking out paragraph 6 of his amended complaint. To this application the defendant objected, stating as its reason for objection that paragraph 6 contained specific admissions on the part of the plaintiff which the defendant had relied upon, and had a right to rely upon in the trial of the case. Whereupon the plaintiff through its attorney stated that he admitted that on or about the 6th day of September, 1904, an engine billed from defendant to plaintiff arrived at Cummings, N. D., that plaintiff refused to accept it for the reason that it was not the kind of an engine called for by the contract, and that it was not shipped or delivered at the time called for by the contract, and asked leave to amend his reply by striking out the general denial therein contained, and, further, to amend it by denying generally and specifically each and every allegation of defendant's counterclaim, and

that the defendant was damaged in the sum of $1,000 or any other sum by reason of the acts mentioned in the answer. To the request to strike out the general denial contained in the reply, the defendant objected for the reason that, that denial taken together with the first denial in the answer from line 23 to line 29, was equivalent to an admission on the face of the pleadings by the plaintiff that he did receive, accept, and retain the machinery in question, and the defendant was entitled to the legal effect of that admission, and was not prepared with evidence upon the proposition at that time, having relied upon it. Thereupon the court asked counsel for the defendant to state whether, in view of the admission made by counsel for the plaintiff, any evidence was necessary for him to prove his defense which he could not at that time secure in view of the pleadings as they had then been discussed, and upon which it would be necessary for him to make his defense to take testimony. Counsel for defendant replied that there were several facts, and asked the counsel for plaintiff to state to the court that he did not intend to rely upon any one or all of the five warranties pleaded by him. Counsel for plaintiff then stated that he could not admit that, for the reason that, if the jury should find that on the sixth day of September was a reasonable time in which to deliver the engine, the plaintiff would then have his cause of action, because defendant did not deliver the engine agreed to be delivered according to the warranty. Whereupon the court denied plaintiff's application to amend its second amended complaint, and granted the motion of the defendant for judgment upon the pleadings, with the understanding that the counterclaim was withdrawn. The plaintiff excepted to this ruling, and judgment was entered for defendant, that plaintiff take nothing and defendant recover costs. The judgment states that it was entered upon the pleadings and statements of counsel for plaintiff made in open court. From this judgment the plaintiff has appealed, and assigns as error the refusal of the trial court to allow the amendments requested, and the granting of the motion for judment in favor of the defendant.

Respondent submitted a motion to dismiss this appeal, and this motion was heard with the argument of the main case. It was based on the ground that a material portion of the appellant's abstract was never proposed for settlement, and was not settled by the trial court. In this we think the respondent is in error. We find a portion of the files entitled, "Statement of Case," and a certifi-

cate of the judge settling it as such. The case so settled appears to contain all the proceedings in the trial printed in the abstract, although the papers are not put together in the usual order, and some portions thereof are quite informal, but we think they show clearly what occurred and are properly certified, and it would be extremely technical to dismiss the action by reason of the disorder in which the papers are found.

Two classes of error are assigned by appellant: First, the denial of his applications to amend his complaint and reply; second, the granting of the defendant's motion for judgment on the pleadings and statement of counsel in open court. We cannot say that the trial court erred in refusing to allow the amendment requested by plaintiff to his second amended complaint, or that such refusal was an abuse of discretion on the part of that court. Plaintiff cites numerous authorities to the effect that courts should be liberal in granting amendments, and that the defendant should have demurred. We can concede all plaintiff says, and the soundness of the authorities he cites on this subject, but it must be borne in mind that the plaintiff had already twice amended his complaint, and that these applications for further amendments were made after the case had been called for trial. The rule as to liberality in granting amendments changes to the disadvantage of the applicant on each new amendment being allowed. We could only find error in case of a clear abuse of discretion by the trial court. That court knew what had previously occurred on former amendments being allowed, all the circumstances and facts which must largely govern its discretion were within the knowledge of that court. We do not know the circumstances, and we cannot presume, on the mere statement that the plaintiff desired amendments the third and fourth times, that the knowledge of the trial court was such as to render his decision an abuse of discretion. The denial contained in plaintiff's reply in no manner changed the issues; hence the refusal to allow that stricken out did not constitute error. The record discloses no abuse of the legal discretion of the lower court, but, on the contrary, it tends to show proper use of the power of the court in such matters. The authorities cited by appellant are not applicable to the circumstances of this case.

Whether the granting of defendant's motion for judgment on the pleadings and statements of plaintiff's counsel made in open court was error depends upon the correctness of defendant's position as to

the effect of the pleadings and such statements. Defendant's first claim was that the complaint did not state a cause of action, by reason of its not alleging the refusal by the plaintiff to accept and retain the machine. It is unnecessary to determine whether this was a fatal omission; because, if it was fatal, the defendant supplied what was lacking, and cured the defect by the allegation made in its answer that "plaintiff failed, neglected, and refused to accept or retain the same or any part thereof and has ever since at all times failed, neglected and refused to accept or retain the same or any part thereof" (Omlie v. O'Toole, 16 N. D. 126, 112 N. W. 677), and for the further reason that the denial of new matter by the plaintiff's reply was surplusage. Under the code of this state an allegation of new matter in the answer, not relating to a counterclaim, is deemed to be controverted by the adverse party, as upon a direct denial or avoidance, as the case may require. Rev. Codes 1905, section 6878; Meyer v. School District, 4 S. D. 420, 57 N. W. 68; Lyon v. Bank, 15 S. D. 400, 89 N. W. 1017. The general denial of the reply, therefore, left unchanged the issues made by the answer. While technically under some circumstances this denial might be deemed to constitute an admission of the receipt and acceptance of the engine, yet, under the facts of this case, to so hold would be altogether too technical a construction. Taking the pleadings as a whole, it appears clear to us that they show a contract for an engine, and that an engine of some kind was shipped, and arrived at Cummings, N. D., on or about the 6th day of September, 1904, but that the plaintiff refused to accept it, because he claimed that it was not the engine he ordered, and because he claimed it should have been delivered there on or about the 26th day of August, 1904, thus making issues as to the identity of the engine and the time of delivery.

In deciding defendant's motion for judgment, the court properly took into consideration the statements made by plaintiff's counsel as to the proof he proposed to rely upon, and, in so far as that proof related to a breach of warranty, plaintiff's evidence on this subject was incompetent under the pleadings, but, as we have indicated under the pleadings there would still be other issues for the trial. We cannot say as a matter of law that the 6th day of September should be construed as complying with the claim of the plaintiff that the engine was to be delivered at Cummings on or about the 26th day of August, because plaintiff alleges

that it was to be delivered at Cummings at that time, while defendant pleads that the delivery was to be made at its warehouse, which it alleges is located at Port Huron, Mich. This is a fact in issue.

For this reason we are of the opinion that while the trial court was justified in holding, in substance, that proof of breach of warranty could not be admitted, that it erred in directing a verdict with the issues named undetermined. Defendant having waived his counterclaim on consideration of the court directing judgment, and the plaintiff not having accepted the terms of the judgment, the counterclaim should be reinstated.

The judgment is reversed, and a new trial granted. All concur.