## ADAMS v. McINTYRE et al.

(133 N. W. 915.)

**Mortgage-deed absolute in form as.**
1. A deed, absolute on its face, may be shown to be in fact a mortgage securing a debt existing at the time of its execution.

---

Note.—Whenever a deed absolute in form is sought to be treated as a mortgage, equity always looks beyond the form of the instrument to the real transaction, and

22 N. D.—22.

**Mortgage-deed absolute in form as.**

   2. A deed, absolute in form, will not be held to be a mortgage, unless the proof is clear, convincing, and satisfactory that such was the intention of the parties when it was executed and delivered.

**Mortgage-deed absolute in form as.**

   3. The evidence in this case examined, and *held* that it is not of that clear, convincing, and satisfactory character necessary to establish a deed, absolute in form, as a mortgage.

Opinion filed December 11, 1911.

   Appeal from District court, Richland county; *Allen,* J.

   Action by Rush S. Adams against Colin McIntyre, and others. Judgment for plaintiff, and defendants appeal.

   Affirmed.

   *Purcell & Divet* and *S. A. Sweetman,* for appellants.

   *Rourke & Kvello,* for respondent.

   SPALDING, Ch. J.   In 1886 one McIntyre acquired title to the N. E. ¼ of section 16, in township 131, range 58, in Sargent county, subject to two mortgages aggregating $460 and accrued interest.   He shortly entered into a contract in writing with Maria Wilke, wife of Albert Wilke, one of the defendants herein, and agreed to convey to her such real estate upon her delivery to him, in accordance with the terms of such contract, 2,500 bushels of wheat.   This contract was in duplicate, and both copies were recorded in the office of the register of deeds of Sargent county, one on December 3, and the other on December 6, 1887.   The contract price was never wholly paid by Mrs. Wilke. Such contract was made subject to the above-mentioned mortgages.   On·

---

when that is shown to be one of security merely, and not of sale, it will give effect to the actual contract of the parties and treat the instrument as a mortgage, the gist of inquiry in every case being, what was the intention of the parties. This is shown by the authorities collated in notes in 17 Am. Dec. 300 and 4 Am. St. Rep. 707.   But, as held in ADAMS v. MCINTYRE, the intention of the parties to treat the instrument as a mortgage must be shown by clear and convincing evidence.

   The right to foreclose a deed intended as security for debt as an equitable mortgage is the subject of a note in 22 L.R.A.(N.S.) 572.   And the effect of a deed absolute on its face, but intended as a mortgage, to convey the legal title is considered in a note in 11 L.R.A.(N.S.) 209.

September 7, 1889, about three years after the execution of the contract, the parties met in the office of one Austin, in Lisbon, Ransom county, and on that day McIntyre, who still held the legal title, mortgaged the land to Adams, the respondent herein, to secure a loan of $600, and also gave him a commission mortgage of $62. The money received on the Adams mortgage was applied in payment of the mortgages first mentioned. On the same day McIntyre conveyed by warranty deed the title to Mrs. Wilke for an express consideration of $2,-000, and Mrs. Wilke and her husband executed and delivered to McIntyre a mortgage on the same land to secure the payment of $455. None of these instruments were filed for record until November 9, 1889, when they were filed in the following order: Adams' $600 mortgage at 9 o'clock A. M.; Adams' $62 mortgage at 10 o'clock A. M.; deed, McIntyre to Wilke, at 11 o'clock A. M.; mortgage, Wilke to McIntyre, at 1 o'clock P. M. On September 26, 1899, at 9 o'clock A. M., a quitclaim deed was filed for record in said office, executed by Mrs. Wilke and her husband, for an express consideration of $1, to McIntyre for this land. It bore date September 20, 1889, and the date of the certificate of acknowledgment was September 20, 1889. Mrs. Wilke has deceased, and Albert Wilke, her husband, was the only witness on behalf of the defendants and appellants; the other appellants being minor heirs of Mrs. Wilke and their guardian ad litem. The witness Wilke testified that this quitclaim deed was executed and delivered in Austin's office on September 7, 1889, with the other instruments hereinbefore referred to.

The result of this appeal depends mostly on questions of fact, and we shall consider them as far as we deem it necessary to do so after a statement of the grounds of action and defense. Respondent brought this action in the ordinary form to foreclose his $600 mortgage, alleging that no part of the principal had ever been paid; that he had been compelled to and had paid the taxes on the premises described for the years 1894, 1895, 1896, 1897, 1898, 1900, 1901, 1902, and 1903; and that no interest had been paid since the 1st day of November, 1894. Appellants answered, admitting the execution and delivery of the note and mortgage and its record, alleging payment of interest to the 1st day of November, 1902, admitting the conveyance as alleged in the complaint; and they further alleged that they claimed title in fee sim-

ple thereto as the heirs of said Maria Wilke, deceased, subject only to the lien of the plaintiff's mortgage, and that the respondent took possession prior to the farming season of 1896 as mortgagee under his mortgage, and assumed to use, farm, and occupy the same, and had appropriated to his own use the rents, profits, and income thereof. The answer contained an allegation of the value of such use and occupancy, and that respondent had never accounted therefor. They expressly admitted the execution and delivery of the quitclaim deed as on or about the 20th day of September, 1889, then alleged that said deed did not operate as a conveyance of the title to said lands to McIntyre, but was, by an understanding between the parties, intended to operate only as a mortgage securing indebtedness from said Maria Wilke to said McIntyre, and that, while in form a deed, it was in truth and in fact intended and given, and operated only, as a mortgage. They prayed for an accounting between the respondent and themselves. Respondent replied, and among other things alleged that no part of the principal of the note in question had ever been paid by the defendants or any of them subsequent to November, 1894, and showed that the payments that had been made by him as a guarantor at a time when the note was held by a third party, and that it had been retransferred to him, and denied the other allegations of the answer. The trial resulted in findings in favor of the plaintiff and respondent, and that all the allegations in the plaintiff's complaint were true and those of the defendant's answer inconsistent therewith not true; that said McIntyre had been at all times mentioned in the complaint except from the 7th to the 20th of September, 1889, the owner of such premises; and that the appellants had no right, title, or interest therein. The defendant McIntyre did not appear. Judgment was entered directing a sale of the premises to satisfy the sum found due. From such decree this appeal was taken.

It rests with us to determine whether the evidence is sufficient to sustain the claim of the defendants that the quitclaim deed in question was in fact and truth a mortgage. In doing so, we leave out of consideration all questions of notice to respondent on the subject, although it is clear that he had no notice of any such claim at the time he made the loan and took the mortgage involved.

That a deed absolute on its face may be shown to be in fact a mort-

gage given as security for a debt existing at the time of its execution is well established. Rev. Codes, 1905, § 6153; Miller v. Smith, 20 N. D. 96, 126 N. W. 499; Omlie v. O'Toole, 16 N. D. 126, 112 N. W. 677.

It is equally well settled that a deed absolute in form will not be held to be a mortgage unless the proof is clear, convincing, and satisfactory that such was the intention of the parties. Smith v. Jensen, 16 N. D. 408, 114 N. W. 306; Wadge v. Kittleson, 12 N. D. 452, 97 N. W. 856; Northwestern F. & M. Ins. Co. v. Lough, 13 N. D. 601, 102 N. W. 160; Miller v. Smith, supra.

We will now consider whether the evidence on the part of the appellants in this case sustains their contention that the deed in question was given as security only with that degree of clearness necessary to make it satisfactory and convincing that the finding of the trial court was erroneous. The witness Wilke was apparently a man well advanced in years. His mind was cloudy on many of the facts. He had resided for many years in the vicinity of the land in question. Notwithstanding the fact that his answer alleged the giving of the quitclaim deed on the 20th of September, 1889, he insisted in his testimony that it was in fact given on the 7th of September, when the other instruments were executed. At times he testified that this deed was intended as a mortgage to secure a debt of $400, and at other times he referred to it as the mortgage given to McIntyre for $455, on the 7th day of September; and it is clear that during much of his examination he was confused and undecided as to whether the mortgage given by Mrs. Wilke to McIntyre on September 7th for $455, or this deed, was the security. He failed to account for the mortgage as security for a different debt. His testimony as to these items leaves on our minds a strong impression that, instead of the deed being given as security for what he claims his wife owed McIntyre on the 7th of September, the mortgage referred to was given for that purpose, and that the deed was executed for some other purpose which he fails to remember. The evidence shows that neither he nor his wife had paid interest since 1894, and fails to show that they had paid any before that date. It is shown that the respondent had paid all taxes since and beginning with the taxes for 1894; that appellants have never paid anything on the debt they claim to owe to McIntyre, for which it was claimed the se-

curity was, given; that they have never paid any interest on such debt; that he has never called on them for any payments of interest or principal; that they have not communicated with him, although knowing where he was; that they stood by and made no claim against respondent of any interest whatever in the premises until this action was commenced. They have permitted him to make expenditures on the land and to pay the taxes all these years without any protest, and with no intimation that they were to assert a claim of title or a right to redeem.

The testimony of the appellant, Albert Wilke, conflicts with the allegations of his answer, and is in direct conflict with the certificate of acknowledgment attached to the quitclaim deed as to date of its execution. All these facts, together with many other inconsistencies and incredible statements of the witness for the defense, as well as the unreasonableness of his contention, in view of the undisputed facts, together with the imperfections of his memory, cast upon his story such doubt that this court cannot say that he has proven by clear, convincing, and satisfactory evidence that the deed referred to was a mortgage. While this case is in this court for trial *de novo,* and we are required to arrive at a decision independently of the conclusions of the trial court, yet, where an improbable or inconsistent story is told by a witness in the presence of the trial court, that court has a much better opportunity to judge of its correctness than has this court, with nothing but the cold print before it; and, if there were any doubt in our minds after reading the evidence, we feel that in a case like this it should be resolved in favor of the findings of the judge who saw and heard the sole witness for appellants testify.

A further detailed statement of the evidence would be of no use. We may add that the testimony of the witness Wilke does not impress us as having been wilfully false, but rather as being the testimony of an aged man, unused to business transactions, with an imperfect memory and very confused ideas as to transactions which took place twenty years ago.

The judgment of the District Court is affirmed.